BRYANT S. DELGADILLO (CA Bar No. 208361)
bryant.delgadillo@piblaw.com
PARKER IBRAHIM & BERG LLP
3070 Bristol Street, Suite 660
Costa Mesa, CA 92626
Tel: (714) 361.9550
Fax: (714) 784.4190

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HEINNICKEL, JR., <br><br> Plaintiff <br><br> v. <br><br> NETWORK CAPITAL FUNDING CORPORATION, a Nevada Corporation; JPMORGAN CHASE BANK, N.A., a National Association; and DOES 1-20, Inclusive, <br><br> Defendants. | **CASE NO.:** 5:25-cv-00174-SVK <br><br> **NOTICE OF SERVICE OF STANDING ORDERS FOR CASES ASSIGNED TO MAGISTRATE JUDGE SUSAN VAN KEULEN** <br><br> **Action Filed:** August 26, 2022 <br><br> **Removed:** January 7, 2025 |

**TO THE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that due to the notice removal of this action by Defendant JPMorgan Chase Bank, N.A. ("Chase") from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California, Chase hereby serves the following Standing

---
1
**NOTICE OF SERVICE OF STANDING ORDERS**

Orders of the Honorable Susan Van Keulen, Magistrate Judge of the United States District Court for the Northern District of California:

1.   A true and correct copy of the Settlement Conference Standing Order of Magistrate Judge Susan Van Keulen, updated January 2023, attached hereto as **Exhibit "A"**.

2.   A true and correct copy of the Civil and Discovery Referral Matters Standing Order of Magistrate Judge Susan Van Keulen, updated June 2024, attached hereto as **Exhibit "B"**.

3.   A true and correct copy of the Civil Pretrial Standing Order of Magistrate Judge Susan Van Keulen, updated January 2023, attached hereto as **Exhibit "C"**.

DATED:  January 21, 2025              PARKER IBRAHIM & BERG LLP


                                      By:  */s/ Bryant S. Delgadillo*
                                           BRYANT S. DELGADILLO
                                           Attorneys for  Defendant
                                           JPMORGAN CHASE BANK, N.A.

PARKER IBRAHIM & BERG LLC
COSTA MESA

2
**NOTICE OF SERVICE OF STANDING ORDERS**

# EXHIBIT A

**SETTLEMENT CONFERENCE STANDING ORDER**

**MAGISTRATE JUDGE SUSAN VAN KEULEN**

**Updated January 2023**

**SCHEDULING**

To coordinate scheduling, please contact courtroom deputy Justine Fanthorpe at Justine_Fanthorpe@cand.uscourts.gov or 408.535.5375.  Settlement conferences typically are set Wednesday-Friday at 9:30 a.m. and run a full day, at the Court's discretion.  Initial settlement conferences are typically held by Zoom video link but any conference may be held in person at the  Court's discretion."

A settlement conference may be continued only for a compelling reason.  The party seeking to continue a settlement conference must first meet and confer with opposing counsel and then promptly file a request in ECF.  The request must demonstrate the compelling reason for the continuance and state whether any party objects to the continuance.  Any party that objects to the continuance must file an opposition in ECF within two days of the filing date of the request for the continuance.

If the case settles before the settlement conference takes place, the parties must inform courtroom deputy Justine Fanthorpe immediately.

**PERSONS REQUIRED TO ATTEND SETTLEMENT CONFERENCE**

All parties with full authority to settle the matter and their counsel are required to attend the settlement conference *in person*, not by telephone.  Non-natural persons must be represented by a person with unlimited authority to negotiate a settlement.  An insured party must also appear with a representative of the carrier with full authority to negotiate up to the limits of coverage.  A person who must call another person not present at the conference before agreeing to a settlement does not have unlimited authority.

**SETTLEMENT CONFERENCE STATEMENT**

No later than seven days prior to the conference, the parties must send the following statements in text-searchable PDF format to Justine_Fanthorpe@cand.uscourts.gov and deliver hard copies to chambers. The statements must not be filed in ECF.

1.  **A joint settlement conference statement**. The joint settlement conference statement must include:

    (a)  the identity of the attorney(s) and clients attending the settlement conference;

    (b)  a brief statement of the facts of the case;

    (c)  a brief statement of the claims and defenses raised, including statutory or other grounds upon which the claims are founded;

    (d)  a bullet-point summary of the proceedings to date, including the operative case schedule;

    (e)  a list of all pending motions;

    (f)  the relief sought; and

(g) the parties' positions on settlement exchanged as of the date of the joint statement, including a history of settlement discussions and the present demands and offers.

2. **A confidential addendum to the joint statement**. The confidential addendum is not to be served on any other party and must include:

   (a) a *candid* evaluation of the parties' likelihood of prevailing on the claims and defenses;
   (b) a brief description of the major issues in dispute and any discrete issue that, if resolved, would facilitate the resolution of the case;
   (c) the party's settlement value of the case.

## PRE-SETTLEMENT CONFERENCE CALL WITH THE COURT

At the time of scheduling the settlement conference, the court will set a date and time for a pre-settlement conference call with all counsel, not less than 48 hours prior to the conference. Counsel should be prepared to discuss issues highlighted in the joint statement, issues not covered in the joint statement but relevant to settlement, and logistics of the settlement conference.

**SO ORDERED**.
January 18, 2023

Susan van Keulen
U.S. Magistrate Judge

# EXHIBIT B

**CIVIL AND DISCOVERY REFERRAL MATTERS STANDING ORDER**
**MAGISTRATE JUDGE SUSAN VAN KEULEN**
**Updated June 2024**

1.     <u>LOCATION</u>
**The parties must check ECF for the status as to whether any hearing will be in-person or by Zoom video link.**

- All civil discovery and motion hearings will be **in person** unless otherwise noticed by the Court in Courtroom 6, 4th Floor, San Jose Federal Courthouse.

- Initial case management conferences, status conferences, and order to show cause hearings in re settlement/dismissal will be by Zoom video link. Specific call-in/Zoom instructions will be posted on ECF no later than 48 hours in advance. General information is available in Judge van Keulen's scheduling notes on the Court website.

- Any deviation from the appearance standards above requires prior approval of the Court. The requesting party must file an administrative motion to appear by Zoom video link or telephonic link 5 days before the conference. If the request is granted, specific call-in/Zoom instructions will be posted on ECF no later than 48 hours in advance.

2.     <u>SCHEDULING</u>
Civil case management conferences are held on Tuesdays at 9:30 a.m.

Civil motions are heard on Tuesdays at 10:00 a.m.

Civil pretrial conferences are held on Thursdays at 9:30 a.m.

Parties are not required to reserve a hearing date but should confirm the Court's availability at cand.uscourts.gov. Hearings and motions may be reset by the Court as its calendar requires. For questions regarding scheduling, please contact courtroom deputy Justine Fanthorpe at 408.535.5375 or Justine_Fanthorpe@cand.uscourts.gov.

3.     <u>CASES INITIALLY ASSIGNED TO JUDGE VAN KEULEN: CONSENT OR DECLINATION</u>
In civil cases initially assigned to this Court for all purposes, each party must file written consent to the jurisdiction of a magistrate judge or a written request for reassignment to a district judge as soon as possible but no later than the deadlines specified in Civil Local Rule 73-1(a). **If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent or declination simultaneously with the motion.**

4.    **CASE MANAGEMENT CONFERENCE STATEMENTS**

In civil cases assigned to this Court for all purposes, all joint case management statements are due one week before the case management conference.  Joint case management statements must include as the first item the case schedule, if it has been set, as well as all information required under the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement.

5.    **PROPOSED ORDERS AND STIPULATIONS**

All stipulations and proposed orders are to be emailed in Word format to SvKCRD@cand.uscourts.gov on the same day as the documents are e-filed.

6.    **POST-ANSWER DISPOSITIVE MOTIONS**

Unless otherwise permitted by the Court, only one Motion for Summary Judgment, Partial Summary Judgement, or Summary Adjudication may be filed by each party.

7.    **PROTECTIVE ORDERS**

All proposed discovery protective orders in cases in which Judge van Keulen is the assigned discovery referral judge and in cases that are assigned to Judge van Keulen for all purposes through consent of the parties shall be submitted for Judge van Keulen's signature in text- searchable PDF format.  **If the submitting party or parties have used one of this district's model protective orders as the basis for their proposed protective order, their submission of the proposed protective order must be accompanied by either:  (1) a redline version indicating any changes from the model order or (2) a statement in the caption or a cover pleading that the parties have not made any changes from the model order.**

8.    **DISCOVERY**

Discovery disputes in cases in which Judge van Keulen is the assigned discovery referral judge and in cases that are assigned to Judge van Keulen for all purposes through consent of the parties shall follow the same procedures as set forth below:

- For all discovery disputes, the parties must meet and confer to attempt to resolve the dispute. The meet and confer must be in person or by telephone.  *A mere exchange of letters, emails, or messages does not satisfy the requirement to meet and confer*.

- If the parties are unable to reach a resolution, they must file a joint statement not to exceed 10 pages, exclusive of the caption page, double-spaced with 12-point font and in text-searchable PDF format.  Footnotes, if any, must comply with section 9 below. The joint statement must: (1) state the number of days remaining before the close of fact discovery and/or days until trial; (2) briefly describe each unresolved issue without undue argument; and (3) set forth each party's proposed compromise with respect to each unresolved issue.

    o    In addition, when specific discovery requests are disputed, the parties must include as an exhibit **a joint chart** that sets forth in columns the disputed request, the

response thereto, the parties' respective proposed compromises, and a blank column for the Court's use.  The joint statement must be filed in ECF under the Civil Events category of Motions and Related Filings > Motions: General > Discovery Letter Brief.  The joint chart exhibit in Word format must also be emailed to SvKCRD@cand.uscourts.gov.

- Absent prior leave of Court, the only additional exhibit(s) permitted to the joint statement are a copy of the specific discovery request(s) at issue and the response(s) to it (e.g., requests for production, interrogatories, privilege log, nonparty subpoena, deposition excerpts, initial disclosures, contentions, etc.).

- Each party will also submit a proposed order in accordance with section 5 above.

- Upon review of the statement, the Court will advise the parties regarding the need, if any, for more briefing, a hearing, or a telephonic conference.

- *For all cases, the joint statement must be filed no later than 7 days after the discovery cut-off date(s) pursuant to Civil Local Rule 37-3.*

9.    **FORMAT OF MOTIONS:**

   a.  **USE OF FOOTNOTES**
   Use of footnotes in Court filings is to be limited to providing points of clarification or cross-references.  Argument in footnotes will not be considered by the Court.  The form of footnotes must comply with Civil Local Rule 3-4(c)(2).  The Court may strike any filing that includes excessive or improper footnotes.

   b.  **EXHIBITS**
   The cover page of any exhibit submitted in connection with briefing on a motion must include the exhibit number and the title or brief description of the exhibit (e.g., "Ex. 1 – 1/1/2023 email from Joe Smith to Nancy Jones").

10.    **HEARING MATERIALS**
Any party who distributes materials at the hearing on any matter must supply the Court with two color copies of those materials at the hearing.

11.    **CHAMBERS COPIES NOT REQUIRED; EXCEPTIONS**
Pursuant to Civil Local Rule 5-1(d)(7), no chambers copies are required unless specifically requested by the Court.  If chambers copies are requested by the Court, parties are to notify the courtroom deputy at SvKCRD@cand.uscourts.gov when they have been delivered.

12.    **PRIVILEGE LOGS**
If a party withholds information that is responsive to a discovery request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it is privileged

or protected from discovery under the attorney work product doctrine or any other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a privilege log (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying separately for each document or for each category of similarly situated documents:

    a. The name and job title or capacity of the author;

    b. The name and job title or capacity of each recipient;

    c. The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

    d. The title and description of the document;

    e. The subject matter addressed in the document;

    f. The purpose(s) for which it was prepared or communicated; and

    g. The specific basis for the claim that it is privileged.

The privilege log will be produced as quickly as possible, but no later than 14 days after the discovery responses are due, unless the parties stipulate or the Court orders otherwise in a particular case.

**13.** **MOTIONS TO STRIKE AFFIRMATIVE DEFENSES**

Motions to strike affirmative defenses may not be filed without leave of Court. Leave of Court may be sought by a motion for administrative relief pursuant to Civil Local Rule 7-11.

**14.** **MOTIONS TO SEAL**

Motions to seal shall be filed in accordance with Civil Local Rule 79-5. When submitting a proposed order pursuant to Civil Local Rule 79-5(c)(3), the table format included in the order shall comply with the below format:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| | [redacted portions to be identified by page and line number] | |

**SO ORDERED.**

June 3, 2024

SUSAN VAN KEULEN
United States Magistrate Judge

# EXHIBIT C

**CIVIL PRETRIAL STANDING ORDER**

**MAGISTRATE JUDGE SUSAN VAN KEULEN**

**Updated January 2023**

I.    MEET AND CONFER BEFORE PRETRIAL CONFERENCE

At least 21 days before the pretrial conference, lead trial counsel must meet and confer either in person or by phone with respect to:

1.    Preparation and exchange of pretrial materials required under Federal Rule of Civil Procedure 26(a)(3);

2.    Preparation of pretrial materials required under this Standing Order; and

3.    Clarifying and narrowing the contested issues for trial in order to achieve a just, speedy, and efficient resolution of the case.

II.    MOTIONS IN LIMINE

The parties must meet and confer with respect to motions in limine and attempt to resolve them by stipulation.  The stipulated motions in limine should be handled as set forth below regarding Trial Stipulations.

For all other motions in limine, each side may file not more than 5 motions in limine set forth in a single document that does not exceed 15 pages double-spaced in 12-point font.  Motions in limine must be filed at least 14 days before the pretrial conference.  Each party's responses to motions in limine must be contained in a single document that does not exceed 15 pages double-spaced in 12-point font.  Responses to motions in limine are due 7 days before the pretrial conference.  No party may file a reply without leave of Court.

III.    JOINT PRETRIAL STATEMENT

At least 14 days before the pretrial conference, the parties must file in ECF a Joint Pretrial Statement that includes items A-L listed below.  All items must be in text-searchable PDF format.  By 12 p.m. on the day after the Joint Pretrial Statement is filed, the parties must also deliver to the San Jose Courthouse two paper copies of the Joint Pretrial Statement, organized in binders containing an index and copies of filed documents with the ECF header reflecting the item's docket number and filing date.

A.    Proposed Order Re: Trial Stipulations

The Court expects that the parties will agree to a variety of stipulations regarding the conduct of the trial.  A proposed order outlining all such stipulations must be presented to the Court.  The parties must send to SvKCRD@cand.uscourts.gov an electronic copy in Word format of the proposed order.

1

B.  <u>Jury or Bench Trial</u>

The parties must notify the Court whether the trial will be a jury or bench trial, provided that jury was properly demanded in accordance with Fed. R. Civ. P. 38.

C.  <u>Witness Lists</u>

The parties must submit a list of all witnesses likely to be called at trial (other than solely for impeachment or rebuttal), with a brief statement following each name describing the substance of the testimony to be given and a time estimate for the direct and cross examinations. This information must be presented in chart format and organized by party.  Witnesses who will be testifying as experts should be identified as such and included in a separate expert witness list (see below).  Witnesses not included on the list may be excluded from testifying.

D.  <u>Expert Witness Lists</u>

The parties must submit a list of all expert witnesses with a summary that clearly describes each expert's theories and conclusions, as well as a curriculum vitae for each expert. Witnesses not included on the list may be excluded from testifying.

E.  <u>Exhibit Lists Annotated with Stipulations/Objections</u>

o  The parties must submit a list of all documents and other items to be offered as exhibits at the trial (other than solely for impeachment or rebuttal), with a brief description of each exhibit's contents and purpose, the identity of each sponsoring witness, and an exhibit number.

o  To avoid duplicative numbering, counsel must meet and confer on a method for numbering exhibits.  For example, the parties might agree that the plaintiff will use numbers and the defendant will use letters, or that the plaintiff will use numbers 100-199 and the defendant will use numbers 200-299.

o  For each exhibit, the exhibit list must specify whether the parties stipulate to admit the exhibit or the grounds for any objections to the exhibit.  Before submitting the list, **the parties must meet and confer and attempt to stipulate as to the admissibility of each exhibit.**  The parties must make a good faith effort to stipulate to the admissibility of trial exhibits.  If stipulation is not possible, the parties must make every effort to stipulate to authenticity and foundation absent a legitimate objection.  The exhibit list must also include two additional columns so that the Court can track its ruling on objections and the date on which each exhibit is admitted.  All required information must be presented in chart format and organized numerically.

o  Disputed exhibits, labelled to conform to the exhibit list, are to be provided to the Court electronically by email to SVKCRD@CAND.USCOURTS.GOV at the time of filing of the joint pretrial statement and hard copies delivered to the court in binders, tabbed and indexed, seven days before the Pretrial Conference.

2

F.   List of Discovery Excerpts

The parties must list those excerpts from depositions, interrogatory answers, or responses to requests for admission (other than those solely for impeachment or rebuttal) likely to be used as trial.  Prior to submitting the list, the parties must meet and confer and attempt to resolve any disagreements regarding designations or counter-designations.  The Court expects the parties will resolve by agreement most disputes over discovery materials to be used at trial.  For any disputes that cannot be resolved by agreement, the parties must (i) identify any remaining legal objections to the excerpts on the list itself, and (ii) attach in a separate appendix copies of the disputed excerpts so that the Court can review the disputed materials.  The parties must provide a single proposed order with all disputed designations which will allow the Court to rule on whether permission to use each is granted, granted with modification, or denied.  The parties must send to SvKCRD@cand.uscourts.gov an electronic copy in Word format of the proposed order.

G.   Voir Dire Questions

For jury trials, the parties must include any proposed jury questionnaire and any questions for the court-directed voir dire.  If any questions are contested, each party must state the basis for proposing or opposing the question.

H.   Verdict Form

For jury trials, the parties must submit jointly to the Court via email in Word format to SvKCRD@cand.uscourts.gov an agreed-upon proposed verdict form or, if the parties are unable to agree on a verdict form, separate proposed verdict forms.

I.   Summary of Case Statement

In all cases, the parties must submit an agreed-upon summary of the case, not to exceed one page.  If the parties cannot agree on such a statement, each party must submit its own summary, not to exceed one page.  In jury trials, this statement of the case will be read to the jury at jury selection.

J.   Relief Requested

The parties must provide a detailed statement of all requested relief, including an itemization of all damages claimed.

K.   Pending Motions or Matters

The parties must provide a statement identifying any motions or other matters that must be resolved prior to trial.

L.   Estimate of Trial Time

The parties must provide an estimate of the number of hours or days needed for the trial.

3

IV.    JURY INSTRUCTIONS

For jury trials, the parties must submit jointly to the Court via email in Word format to SvKCRD@cand.uscourts.gov a set of jury instructions no later than 14 days prior to the pretrial conference. If any instructions are contested, each party may submit its proposed instruction with a short (not to exceed ½ page) statement of the legal basis for proposing or opposing the instruction.

V.    PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

For bench trials, at least 5 court days prior to the pretrial conference, each party must serve and lodge with the Court proposed findings of fact and conclusions of law on all material issues. The proposed findings must be brief, written in plain English, and free of pejorative language, conclusions, or argument. Conclusions of law must be supported by appropriate citation to legal authority. Parties must deliver to chambers copies of proposed findings of fact and conclusions of law in Word format via email to SvKCRD@cand.uscourts.gov.

VI.    EXHIBITS

The parties must provide the Court with paper copies of the following by delivery to the San Jose Courthouse by 12 p.m. on a date no later than 5 court days before trial: two sets of exhibits marked, tabbed, indexed, and contained in binders. The parties must coordinate with the Courtroom Deputy for delivery of the exhibit binders. These exhibit binders are for the Court's use only; counsel must bring additional copies of exhibits for use with witnesses at trial.

Each exhibit must be pre-marked with a trial exhibit sticker (not a deposition exhibit sticker) in a color other than white placed in the top right corner of the first page of a document. The sticker must be in the following format:

United States District Court, Northern District of California
    Case No._____Case
    Name._____

**Plaintiff(s)/Defendant(s) Exhibit #_____**

If an exhibit is a physical object (rather than a document), a picture should be taken and placed in the binders.

After trial, each party must retain its exhibits through the appellate process. It is each party's responsibility to make arrangement with the Clerk of Court to file the record on appeal.

VII.    TRIAL TIME LIMITS

At the pretrial conference the Court will set time limits for each party to present its case.

4

VIII.    SCHEDULING OF JURY SELECTION

In jury trials, the jury may be selected during the week in advance of trial or on the first day of trial, depending upon the District's overall trial schedule.   If selected on the first day of trial, trial will begin immediately following jury selection.

IX.    MISCELLANEOUS

A.  Witness Photographs

The Court may require a photograph of each witness prior to the witness' testimony to assist the trier of fact with recalling the testimony.

B.  Electronic Equipment

If a party wishes to use electronic equipment or other large items (such as bookshelves), the party must file a request and proposed order with the Court no later than 5 days prior to trial. Equipment not provided by the Court must be tested in the courtroom prior to the day when it will be used.  Arrangements for such testing may be made with the Courtroom Deputy.

**SO ORDERED**.

January 18, 2023

_____
Susan van Keulen
United States Magistrate Judge

5

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

*John Heinnickel, Jr. v. Network Capital Funding Corporation, et al.*

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My address is 3070 Bristol Street, Suite 660, Costa Mesa, CA 92626.

On January 21, 2025, I served the foregoing document **NOTICE OF SERVICE OF STANDING ORDERS FOR CASES ASSIGNED TO MAGISTRATE JUDGE SUSAN VAN KEULEN** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

☐    **BY REGULAR MAIL:** I deposited the sealed envelope with the United States Postal Service with the Postage fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED**

☐    **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐    **BY OVERNIGHT MAIL:** With the envelope deposited with FedEx and delivery fees thereon fully prepaid.

☒    **BY ELECTRONIC MAIL:** I served the foregoing document by electronic mail to the email address(es) listed on the service list.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on January 21, 2025, at Costa Mesa, California.

                   */s/ Rhonda K. Viers*
                   Rhonda K. Viers

1
**PROOF OF SERVICE**

5459320.1

## SERVICE LIST

*John Heinnickel, Jr. v. Network Capital Funding Corporation, et al.*

| | |
|---|---|
| Timothy A. Pupach, Esq.<br>Law Offices of Timothy A. Pupach<br>3150 Almaden Expressway, Suite 204<br>San Jose, CA 95118 | ***Attorney for Plaintiff, John Heinnickel, Jr.***<br><br>T:  408.971.9445<br>E:  tim@pupachlaw.com |

2

**PROOF OF SERVICE**

5459320.1