UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HEINNICKEL, JR., <br><br> Plaintiff, <br><br> v. <br><br> NETWORK CAPITAL FUNDING CORPORATION, et al., <br><br> Defendants. | Case No. 25-cv-00174-PCP <br><br> **ORDER DISMISSING THIS ACTION FOR FAILURE TO PROSECUTE** <br><br> Re: Dkt. Nos. 7, 14 |

This case was removed from state to federal court on January 6, 2025. Dkt. No. 1. Since removal, plaintiff Heinnickel has made no filings. On January 13, 2025, defendant JPMorgan Chase, N.A. filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt No. 7. Plaintiff failed to file an opposition to the motion to dismiss, and the Court ordered plaintiff to show cause why this action should not be dismissed for failure to prosecute. Dkt. No. 14. Plaintiff was given until March 5, 2025, to show cause and failed to do so by the deadline. To date, plaintiff has neither filed a response to the order to show cause nor the motion to dismiss.

A district court is not required to examine the merits of an unopposed motion to dismiss before granting it. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (refusing to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule). "Failure to follow a district court's local rules is a proper ground for dismissal." *Id.* at 53 (citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)). Pursuant to this court's local rules, "[a]ny opposition to a motion .... must be filed and served not more than 14 days after the motion was filed." Civ. L.R. 7-3(a). "If the party against whom the motion is directed does not oppose the motion, that party must file with the Court a Statement of Nonopposition within the time for filing and serving

any opposition." Civ. L.R. 7-3(b).

As described above, plaintiff has violated this Court's local rules by failing to respond to JP Morgan Chase's motion and this Court's order to show cause. Nonetheless, before granting an unopposed motion to dismiss or dismissing a case without prejudice for failure to prosecute, the court must weigh the following factors:

(1) "the public's interest in expeditious resolution of litigation";

(2) "the court's need to manage its docket";

(3) "the risk of prejudice to the defendant[ ]";

(4) "the availability of less drastic sanctions"; and

(5) "the public policy favoring disposition of cases [on] their merits".

*Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In this case, nearly all of these factors favor dismissing this action without prejudice for failure to prosecute.

The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). By failing to respond to the motion to dismiss and the court's order to show cause, plaintiff has delayed adjudication of this action such that these factors weigh in favor of dismissal.

While "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal" under the third factor, the delay caused by plaintiff's failure to prosecute this action despite the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999); *see also Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) ("[A] presumption of prejudice arises from a plaintiff's unexplained failure to prosecute.")

The fourth factor—the availability of less drastic sanctions—also weighs in favor of removal because the Court has already attempted less drastic sanctions without success, including issuing a show cause order and giving plaintiff an opportunity to explain the failure to prosecute. The Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent" by

explicitly stating so in its show cause order. *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("A district court's warning to a party that [ ] failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."). The Court exercises its discretion to dismiss this action without prejudice so as to lessen the sanction imposed.

The final factor—the policy favoring disposition on the merits—weighs against dismissal but its weight is minimal given that resolution on the merits is not possible without plaintiff's participation.

Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), the Court dismisses this action without prejudice based on plaintiff's failure to respond to the pending motion to dismiss and this Court's order to show cause.

**IT IS SO ORDERED.**

Dated: March 12, 2025

P. Casey Pitts
United States District Judge

3