ALLISON CECCHINI ERGGELET (SBN 340533)
ELIZABETH L. HURWITZ (SBN 278846)
**ACE CALIFORNIA LAW PC**
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Phone: 510-681-0955
Email: ace@acecalifornialaw.com
         beth@acecalifornialaw.com

Attorneys for Plaintiff John Heinnickel, Jr.

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN HEINNICKEL, JR.,<br><br>                    Plaintiff,<br><br>        vs.<br><br>NETWORK CAPITAL FUNDING CORPORATION, et al.,<br><br>                    Defendants. | Case No.: 5:25-cv-00174-PCP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)**<br><br>*Filed Concurrently With:*<br>1. Notice of Motion & Motion;<br>2. Declaration of John Heinnickel, Jr.; and<br>3. Proposed Order<br><br>Date: January 8, 2026<br>Time: 10:00 A.M.<br>Courtroom: 8 – 4th Floor<br>Judge: Hon. P. Casey Pitts |

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

MEMORANDUM OF POINTS & AUTHORITIES
i

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  STATEMENT OF FACTS ............................................................................................ 2

III. LEGAL STANDARD .................................................................................................... 5

   A. Good Cause Exists to Set Aside the Judgment under Rule 60(b)(1) ......................... 5

   B. The Judgment May Also Be Vacated Under Rule 60(b)(6) ....................................... 6

IV.  LEGAL ANALYSIS ...................................................................................................... 6

   A. Timeliness Under Rule 60(c)(1) ................................................................................ 6

      i.   Interest in Finality of Judgment ........................................................................ 8

      ii.  Reason for Delay and Plaintiff's Ability to Learn of the Grounds Relied Upon Earlier ....... 9

      iii. Prejudice to the Other Parties .......................................................................... 10

   B. Excusable Conduct Under Rule 60(b)(1) ................................................................ 11

   C. The Judgment Should Also Be Vacated Due To The Gross Negligence Of Plaintiff's Former Counsel ........................................................................................................................ 14

V.   CONCLUSION ........................................................................................................... 16

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

MEMORANDUM OF POINTS & AUTHORITIES
ii

# TABLE OF AUTHORITIES

**STATUTES**

Federal Rule of Civil Procedure 60 ........................................................................................... 6

Federal Rule of Civil Procedure 60(b) ..................................................................... 1, 6, 10, 13, 20

Federal Rule of Civil Procedure 60(b)(1) ................................................................ 5, 7, 9, 13, 15, 16

Federal Rule of Civil Procedure 60(b)(6) ................................................................... 6, 7, 10, 11, 19

Federal Rule of Civil Procedure 60(c) ....................................................................................... 6

Federal Rule of Civil Procedure 60(c)(1) .......................................................................... 7, 8, 9, 10, 12

**CASES**

*Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253 (9th Cir. 2010) ................................................. 6, 14

*Ashford v. Steuart*, 657 F.2d 1053 (9th Cir. 1981) ............................................................................ 7, 8

*Bateman v. United States Postal Service*, 231 F.3d 1220 (9th Cir. 2000) ............................... 14, 15, 16

*Boag v. Litton Loan Servicing*, case no. C11-5838 BHS, 2013 U.S. Dist. LEXIS 146461, 12-14
    (W.D. Wash. Oct. 9, 2013) ........................................................................................................ 17

*Cmty. Dental Servs. v. Tani*, 282 F.3d 1164 (9th Cir. 2002) ....................................... 7, 17, 18, 19, 20

*Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001) .......................................................... 9, 12

*Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. Pa. 1982) .................................... 12

*Hidais v. Porter*, 2010 U.S. Dist. LEXIS 24810, 2010 WL 760561, at *1 (N.D. Cal. March 4, 2010) 8

*In re Williams*, 287 B.R. 787 (9th Cir. BAP 2002) ........................................................................... 9

*Klapprott v. United States*, 335 U.S. 601, 614-15 (1949) ................................................................. 6

*Lal v. California*, 610 F.3d 518, 524, *12 (9th Cir. June 25, 2010) ................................................. 17

*Lemoge v. United States*, 587 F.3d 1188 (9th Cir. 2009) .............................................................. 8, 15

*Madison v. First Mangus Fin. Corp.*, case no. CV-08-1562-PHX-GMS, 2009 U.S. Dist. LEXIS
    40229, (D. Ariz. Apr. 28, 2009) ................................................................................. 17, 18, 19, 20

*Meadows v. Dominican Republic*, 817 F.2d 517, 520-21 (9th Cir. 1987) ........................................ 8

*Pena v. Seguros La Comercial*, 770 F.2d 811, 814 (9th Cir. 1985) ................................................. 9

*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) ......................... 13, 14, 16

*TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001) .............................. 9, 10, 12, 13

*Thompson v. Am. Home Assurance*, 95 F.3d 429, 433-34 (6th Cir. 1996) ...................................... 12

*United States v. Wash.,* 98 F.3d 1159, 1163 (9th Cir. 1996) ............................................................. 6

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

I. **INTRODUCTION**

This Motion is filed by Plaintiff John Heinnickel, Jr. (the "Plaintiff") pursuant to Federal Rule of Civil Procedure 60(b), seeking relief from the Judgment entered on March 14, 2025, which dismissed this action for failure to prosecute. Good cause exists to vacate that judgment because Plaintiff's failure to respond to the Court's orders and Defendant's motion was the result of excusable neglect and circumstances entirely beyond his control. Plaintiff was never advised by his former counsel, Timothy A. Pupach ("MR. PUPACH"), of the removal of this action to federal court, the filing of Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss on January 13, 2025, the Court's Order to Show Cause issued on February 5, 2025, or the subsequent dismissal of the action on March 12, 2025. Instead, MR. PUPACH repeatedly misrepresented that the matter was still pending in the State Court, assured Plaintiff that "nothing was pending," and failed to disclose that the federal action was at risk of dismissal. Plaintiff acted at all times in good faith and with diligence, reasonably relying on the belief that his attorney was competently prosecuting his case.

MR. PUPACH's conduct constituted gross negligence and virtual abandonment. He failed to take even the most basic steps to protect his client's interests, neglecting to respond to dispositive motions, disregarding court deadlines, and withholding material information about the procedural posture of the case. He left Plaintiff entirely in the dark regarding the removal, the Motion to Dismiss, the Order to Show Cause, and ultimately, the dismissal itself. For months, MR. PUPACH ceased meaningful communication, provided inaccurate and misleading updates, and failed to forward any court filings or orders. As a result, Plaintiff remained under the mistaken impression that his case was active in State Court, when in truth it had already been dismissed in Federal Court. Plaintiff acted at all times in good faith and with diligence, sending multiple follow-up inquiries in February, April, and October 2025 seeking updates on case progress. Upon independently discovering the dismissal through his own review of the federal docket, Plaintiff promptly retained new counsel and moved expeditiously to seek relief. Relief from judgment is therefore warranted because the dismissal resulted solely from counsel's dereliction of duty and not from any neglect, inaction, or lack of diligence by Plaintiff. The interests of justice and equity weigh heavily in favor of granting the relief requested and restoring this case to the active docket.

## II. STATEMENT OF FACTS

On or about January 17, 2022, in the City of Santa Clara, County of Santa Clara, California, the Plaintiff executed loan documents for a refinance of the Plaintiff's home located at 293 Monroe Street, Santa Clara, CA 95050, where Defendant Network Capital Funding Corporation ("NETWORK CAPITAL") was the lender. (See Declaration of John Heinnickel ("Heinnickel Decl."), ¶ 2.) Among the loan documents signed was a Notice of Three-Day Right to Cancel, which gave the Plaintiff until midnight on January 21, 2022, to rescind the transaction. (Heinnickel Decl., ¶ 3.) On January 20, 2022, at 2:54 p.m. PST, the Plaintiff sent a telegram cancelling the loan through SendTelegram.com (Tracking No. 941734). Later that same day at 11:22 p.m. PST, the Plaintiff sent a second telegram through International Telegram (Order No. 22551852) again cancelling the transaction. Both were sent before the rescission deadline. (Heinnickel Decl., ¶ 4.)

Despite the timely cancellations, NETWORK CAPITAL funded the loan on January 24, 2022, and recorded the Deed of Trust on January 25, 2022. When the Plaintiff contacted NETWORK CAPITAL and provided proof of the telegrams, they refused to honor the rescission, claiming without basis that the notice was received too late. (Heinnickel Decl., ¶ 5.) On January 31, 2022, Defendant JPMorgan Chase Bank, N.A. ("CHASE") purchased the loan from NETWORK CAPITAL and became the servicer. On March 17, 2022, CHASE sold the loan to Freddie Mac while retaining servicing, and on July 5, 2022, CHASE repurchased the loan and again became both the owner and servicer. (Heinnickel Decl., ¶ 6.) On September 15, 2022, CHASE recorded and served a Notice of Default, initiating foreclosure proceedings on the Plaintiff's home. On December 13, 2022, CHASE recorded a Notice of Trustee's Sale setting a sale date of January 18, 2023, at 9:00 a.m. To save the home from foreclosure, on January 6, 2023, the Plaintiff paid off the loan in full in the amount of $215,765.00 to CHASE. (Heinnickel Decl., ¶ 7.)

The Plaintiff retained attorney TIMOTHY A. PUPACH ("MR. PUPACH") to represent the Plaintiff in connection with these matters. On or about August 26, 2022, a civil complaint was filed on the Plaintiff's behalf in the Superior Court of California, County of Santa Clara, entitled *Heinnickel v. Network Capital Funding Corporation, et al.*, Case No. 22CV403725. Thereafter, on or about November 25, 2024, MR. PUPACH filed a First Amended Complaint in the same action, which the

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

Plaintiff understood to be the operative pleading at that time. (Heinnickel Decl., ¶ 8.) Unbeknownst to the Plaintiff, the case was removed to the United States District Court for the Northern District of California on January 6, 2025. At no time did MR. PUPACH advise the Plaintiff of the removal or that the matter was no longer pending in state court. To the contrary, he continued to communicate with the Plaintiff as though the action remained active before the state court, giving the Plaintiff every reason to believe that the case was proceeding in that forum. (Heinnickel Decl., ¶ 9.)

On January 13, 2025, CHASE filed a Motion to Dismiss in the federal action, yet MR. PUPACH neither informed the Plaintiff of the filing nor took any steps to respond or otherwise protect the Plaintiff's interests in connection with that motion. (Heinnickel Decl., ¶ 10.) On February 3, 2025, NETWORK CAPITAL attempted to file a demurrer in the State Court; however, the clerk rejected the filing with the notation that a hearing date must be reserved prior to submission. Later that same day, MR. PUPACH emailed the Plaintiff, advising that Defendants had filed a "demurrer" and "motion to strike" in the state court and that, absent settlement, oppositions would need to be prepared and a hearing scheduled. In truth, the state court clerk had already rejected the demurrer because the case had been removed to federal court and was no longer within the state court's jurisdiction. MR. PUPACH nonetheless presented these filings as if they were active and pending matters, never disclosing that the demurrer had been rejected or that it was procedurally meaningless at that stage. (Heinnickel Decl., ¶ 11, Ex. A.) On February 4, 2025, the Plaintiff responded to MR. PUPACH's email with a detailed analysis of the demurrer's arguments, discussing applicable California law and potential strategies for opposition. At the time, the Plaintiff had no knowledge that the case was already pending in federal court and proceeded under the mistaken belief, based on MR. PUPACH's representations, that the matter remained active before the state court. (Heinnickel Decl., ¶ 12, Ex. B.)

On February 5, 2025, the Federal Court issued an Order to Show Cause directing that a response be filed by March 5, 2025, as a result of counsel's failure to oppose the pending Motion to Dismiss. MR. PUPACH did not inform the Plaintiff of the issuance of this order or the existence of any response deadline. (Heinnickel Decl., ¶ 13.) After several weeks without any communication, the Plaintiff emailed MR. PUPACH on February 26, 2025, asking whether a response had been received from Network Capital and whether any hearings or deadlines had been scheduled. On February 26, 2025,

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

MEMORANDUM OF POINTS & AUTHORITIES
3

MR. PUPACH replied, stating, "Their demurrer was not filed because they did not clear a date with the Court and with me for the hearing on demurrer. There is nothing pending." The Plaintiff later learned that this statement was inaccurate. At that time, the federal court had issued an Order to Show Cause with a March 5 deadline, and the Motion to Dismiss filed by CHASE remained pending. MR. PUPACH's response led the Plaintiff to believe that the matter was simply awaiting action by opposing counsel and that no immediate steps were required, when in fact the case was in jeopardy of dismissal in federal court. (Heinnickel Decl., ¶ 14, Ex. C.)

Without the Plaintiff's knowledge, the court dismissed the case on March 12, 2025, for failure to prosecute and entered judgment on March 14, 2025. MR. PUPACH never informed the Plaintiff of either development, failed to provide copies of the Order to Show Cause, Order of Dismissal, or Judgment, and at no time advised that the action had been terminated. Throughout this period, the Plaintiff remained under the impression that the case was still active in the State Court and being properly handled by MR. PUPACH. (Heinnickel Decl., ¶ 15.) On April 24, 2025, having received no updates for an extended period, the Plaintiff sent MR. PUPACH another follow-up email inquiring whether there had been any developments in the case. He did not respond to that message until approximately three weeks later. (Heinnickel Decl., ¶ 16, Ex. D.) On May 15, 2025, MR. PUPACH finally responded to the Plaintiff's April 24 inquiry, informing the Plaintiff for the first time that "CHASE got the case removed to Federal Court" and acknowledging that he "did not practice in Federal Court." He further stated that he intended to drop CHASE from the complaint and refile the case in state court, remarking that "we are not going to recover anything from CHASE anyway." This disclosure came as a complete surprise to the Plaintiff, who had been entirely unaware that the case had been removed to federal court. Based on MR. PUPACH's representations, the Plaintiff believed he was simply preparing to refile in state court following removal to a jurisdiction in which he did not practice. (Heinnickel Decl., ¶ 17, Ex. E.)

In June 2025, MR. PUPACH filed a Second Amended Complaint in the State Court, which was promptly rejected by the clerk with a notation that the matter had been removed to federal jurisdiction and that any amendment would require a court order. MR. PUPACH never informed the Plaintiff of this rejection or of the reason the filing was procedurally improper, leaving the Plaintiff to believe that

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

MEMORANDUM OF POINTS & AUTHORITIES
4

the case was continuing to progress in state court. (Heinnickel Decl., ¶ 18.) After June 2025, MR. PUPACH ceased all communication with the Plaintiff. The Plaintiff received no status updates or explanations. From July through September 2025, the Plaintiff continued to believe that the case remained active and was simply progressing slowly through the state court process, and therefore waited in good faith for further developments. (Heinnickel Decl., ¶ 19.) In October 2025, after several months of complete silence from MR. PUPACH, the Plaintiff independently accessed the court dockets online to determine the status of the case. Until that point, the Plaintiff had relied entirely on MR. PUPACH for updates, and upon reviewing the records, discovered, much to the Plaintiff's shock, that the Federal Court had dismissed the case for failure to prosecute and that the State Court had rejected MR. PUPACH's attempted filing of a Second Amended Complaint in June 2025. (Heinnickel Decl., ¶ 20.)

On October 2, 2025, the Plaintiff sent MR. PUPACH an email attaching copies of the court documents showing both the rejection of the Second Amended Complaint and the Federal Court's dismissal of the case for failure to prosecute months earlier. The Plaintiff informed MR. PUPACH that the Plaintiff had reviewed the court dockets and discovered that the federal case had been dismissed for failure to respond in March 2025, and that the State Court record reflected a rejection of his attempted filing. The Plaintiff asked MR. PUPACH to clarify what had occurred and to advise whether any action could still be taken to remedy the situation. However, MR. PUPACH never responded to that email or provided any explanation whatsoever. (Heinnickel Decl., ¶ 21, Ex. F.) The Plaintiff immediately began searching for new legal representation to assess the situation and determine what corrective steps could be taken. Shortly thereafter, the Plaintiff retained ACE California Law, PC, which conducted a comprehensive review of the case and agreed to represent the Plaintiff in seeking relief from the judgment. (Heinnickel Decl., ¶ 22.)

### III.    LEGAL STANDARD

A. Good Cause Exists to Set Aside the Judgment under Rule 60(b)(1)

A party may seek reconsideration on an order or judgment by filing a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP"). Reconsideration may be based on (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence;

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

MEMORANDUM OF POINTS & AUTHORITIES
5

(3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment being void; (5) the judgment having been satisfied, based on a reversed or vacated earlier judgment, or where applying it prospectively would no longer be equitable; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Rule 60(b) should be liberally construed. *See Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1258-59 (9th Cir. 2010). A motion under Rule 60 may be brought within a reasonable time not to exceed one year from the time of judgment. *See* Federal Rule of Civil Procedure 60(c). Here, good cause exists to set aside the judgment.

### B. The Judgment May Also Be Vacated Under Rule 60(b)(6)

Under Federal Rule of Civil Procedure 60(b)(6), a court may relieve a party or its legal representative from a final judgment, order, or proceeding for…any other reason that justifies relief. Rule 60(b)(6) authorizes courts to "vacate judgments whenever such action is appropriate to accomplish justice." *See United States v. Wash.,* 98 F.3d 1159, 1163 (9th Cir. 1996), citing *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949). Rule 60(b)(6) is available in "extraordinary circumstances" where the movant is able to show "both injury and circumstances beyond his control that prevented him from proceeding with…the action in a proper fashion." *See Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1167 (9th Cir. 2002). The Ninth Circuit Court of Appeals has held that Rule 60(b)(6) may also be invoked to set aside a judgment or other final order where an attorney's behavior is "grossly negligent" because he "virtually abandon[s]" his client. *Id.* at 1172.

Plaintiff should be relieved from the judgment for the following reasons: (1) his former counsel, MR. PUPACH, engaged in gross negligence and effectively abandoned his client; (2) Plaintiff was entirely blameless and acted promptly and in good faith upon learning of the dismissal; and (3) extraordinary circumstances exist such that vacating the judgment is necessary to prevent manifest injustice and to ensure that this matter is decided on its merits rather than through counsel's dereliction.

### IV.   LEGAL ANALYSIS

A. Timeliness Under Rule 60(c)(1)

A Rule 60(b)(1) motion "must be made within a reasonable time," and "no more than a year after entry of the judgment or order." *See* Fed. R. Civ. P. 60(c)(1). What constitutes a "reasonable time" depends on the circumstances, including "the interest in finality, the reason for delay, the practical

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

MEMORANDUM OF POINTS & AUTHORITIES
6

ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *See Lemoge v. United States*, 587 F.3d 1188, 1197 (9th Cir. 2009) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) ). However, a court may deny a motion, even if it was filed within the one-year period, if the moving party "was guilty of laches or unreasonable delay." *See Meadows v. Dominican Republic*, 817 F.2d 517, 520-21 (9th Cir. 1987); *Hidais v. Porter*, 2010 U.S. Dist. LEXIS 24810, 2010 WL 760561, at *1 (N.D. Cal. March 4, 2010). What constitutes "'reasonable time' depends upon the facts of each case," and courts should take into consideration (1) "the interest in finality;" (2) "the reason for delay;" (3) "the practical ability of the litigant to learn earlier of the grounds relied upon;" and (4) "prejudice to the other parties." *See Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)  (per curiam)).

The present motion is timely under Rule 60(c)(1). The Court entered judgment on March 14, 2025, and Plaintiff brings this motion well within one year of that date and within a reasonable time after first learning of the dismissal. Plaintiff remained entirely unaware that his case had been dismissed until October 2025, when, after months of silence from MR. PUPACH, he independently reviewed the state and federal dockets and discovered that the action had been dismissed on March 12, 2025 and that judgment had been entered two days later. Upon making this discovery, Plaintiff immediately sought new counsel and acted promptly and in good faith to pursue appropriate relief. The brief delay in filing this motion was caused solely by MR. PUPACH's gross negligence and failure to communicate, which deprived Plaintiff of notice of the dismissal and of any meaningful opportunity to act sooner. Plaintiff himself exercised diligence throughout, repeatedly following up with counsel in February, April, and October 2025 to inquire about the case, and moved expeditiously once he became aware of the true status of the proceedings. Furthermore, no prejudice will result to Defendants if the judgment is set aside, as this matter remains in an early procedural posture and has never been adjudicated on its merits. Under these circumstances, the motion has been made within a reasonable time as contemplated by Rule 60(c)(1) .

### i. Interest in Finality of Judgment

"Rule 60(b)(1) guides the balance between the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments." *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001) (quoting *Pena v. Seguros La Comercial*, 770 F.2d 811, 814 (9th Cir. 1985)), overruled on other grounds, *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). "[E]ven though FRCP 60(b) motions are liberally construed, 'there is a compelling interest in the finality of judgments which should not lightly be disregarded.'" *See In re Williams*, 287 B.R. 787, 793 (9th Cir. BAP 2002) (quoting *Pena v. Seguros La Comercial*, 770 F.2d 811, 814 (9th Cir. 1985)). Accordingly, where "the time for filing an appeal to the underlying judgment has expired, the interest in the finality of judgments is to be given great weight in determining whether a Rule 60(b)(1) motion is filed within a 'reasonable time.'" *See In re Williams*, 287 B.R. at 793. However, "where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *See TCI Grp.*, 244 F.3d at 696. The moving party still bears the "burden of demonstrating that, in a particular case, the interest in deciding the case on the merits should prevail over the very important interest in the finality of judgments." *Id.*

In this case, the interest in finality must yield to the paramount judicial policy favoring resolution of disputes on their merits. The judgment entered on March 14, 2025, was not the product of an adjudication on the substantive claims, but rather the consequence of Plaintiff's former counsel's failure to respond to the Court's Order to Show Cause and ensuing dismissal for failure to prosecute. Because no determination has ever been made on the merits, setting aside the judgment would not undermine the integrity of any judicial decision or prejudice the reliance interests typically protected by principles of finality. Instead, it would restore the parties to the posture contemplated by Rule 60(b), one in which the case may be decided fairly and on its substantive merits. Under these circumstances,

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

the Court's strong preference for adjudicating cases on the merits far outweighs the limited finality interest in a judgment entered solely by reason of counsel's neglect.

### ii. Reason for Delay and Plaintiff's Ability to Learn of the Grounds Relied Upon Earlier

The present motion is timely under Federal Rule of Civil Procedure 60(c)(1), having been filed well within one year of the March 14, 2025 judgment, and also within a reasonable time as contemplated by Rule 60(b)(6). Upon learning of the dismissal, Plaintiff acted with utmost promptness and good faith, immediately retaining new counsel and diligently pursuing appropriate relief. The brief interval between judgment and the filing of this motion is wholly attributable to the gross negligence and sustained noncommunication of Plaintiff's former attorney, MR. PUPACH, and not to any lack of diligence by Plaintiff. At all times, the Plaintiff acted in good faith and with diligence in pursuing the Plaintiff's claims. MR. PUPACH failed to advise Plaintiff that the case had been removed to the Federal Court, that CHASE had filed a Motion to Dismiss, or that the Court had issued an OSC, requiring a response to avoid dismissal. To the contrary, MR. PUPACH affirmatively misled Plaintiff into believing that the action remained pending in the State Court, assuring him as late as February 2025, that "nothing was pending." When the case was subsequently dismissed on March 12, 2025, and judgment entered two days later, MR. PUPACH neither notified Plaintiff nor forwarded any court orders, pleadings, or docket entries reflecting that the action had been terminated. Plaintiff, relying in good faith on those representations, continued to correspond with his counsel in April and May 2025 seeking updates on case progress. Only after months of silence did Plaintiff, acting on his own initiative, review the state and federal dockets in October 2025, where he discovered for the first time that the matter had been dismissed. Under these circumstances, the modest delay in filing this motion was neither willful nor unreasonable but the direct and foreseeable result of counsel's dereliction of duty. The Plaintiff never intended to abandon this action or permit it to be dismissed for lack of prosecution. Any failure to respond to court orders or motions occurred solely as a result of MR. PUPACH's neglect and failure to communicate, not through any fault or inaction of the Plaintiff. Had the Plaintiff been aware of the removal, the motion, or the OSC, the Plaintiff would have acted immediately to protect

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

MEMORANDUM OF POINTS & AUTHORITIES
9

the Plaintiff's rights and ensure that the case proceeded to adjudication on the merits. (Heinnickel Decl., ¶ 23.)

Plaintiff's inability to learn of the grounds for this motion earlier was entirely beyond his control. Having been affirmatively misinformed by his counsel that the case was still pending in state court, Plaintiff had no reason to suspect that critical proceedings had taken place in federal court or that his claims had been dismissed months earlier. Plaintiff exercised reasonable diligence throughout, sending multiple follow-up inquiries to counsel, requesting status updates, and seeking clarification on case progress, but was repeatedly assured that there was nothing requiring action. Only when MR. PUPACH ceased all communication did Plaintiff independently verify the status of his case and uncover the truth. Upon learning that the action had been dismissed, Plaintiff acted promptly and in good faith by retaining new counsel and filing the present motion. Given these circumstances, any delay was unavoidable and justified, and Plaintiff's conduct demonstrates continuous diligence consistent with the "reasonable time" requirement of Rule 60(c)(1).

### iii. Prejudice to the Other Parties

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), overruled on other grounds, *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). The standard for whether a party is prejudiced is whether the party will be able to pursue his defense, for example because of loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. *See TCI Grp.*, 244 F.3d at 701 (quoting *Thompson v. Am. Home Assurance*, 95 F.3d 429, 433-34 (6th Cir. 1996)) (noting that "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion"); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. Pa. 1982) ("Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding.").

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

MEMORANDUM OF POINTS & AUTHORITIES
10

Vacating the judgment will not result in any cognizable prejudice to the Defendants within the meaning of *TCI Group*. The dismissal in this case occurred at a very early stage of the proceedings, before any discovery had been conducted, before any scheduling order had issued, and before the Court had rendered any substantive rulings. Reinstating the action will merely restore the parties to the positions they occupied prior to dismissal and permit the case to proceed on its merits. There is no indication that evidence has been lost, that witnesses have become unavailable, or that reopening the case would create any risk of fraud, collusion, or undue burden in discovery. At most, setting aside the judgment may delay resolution of the dispute, a consequence that, under settled Ninth Circuit authority, does not constitute legal prejudice. Accordingly, the absence of tangible harm to Defendants strongly supports granting relief under Rule 60(b).

**B. Excusable Conduct Under Rule 60(b)(1)**

Good cause exists to set aside the judgment under Federal Rule of Civil Procedure 60(b)(1), which permits relief from a final judgment on the grounds of mistake, inadvertence, or excusable neglect "The determination of what conduct constitutes "excusable neglect" under Rule 60(b)(1) and similar rules 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *See Brandt v. Am. Bankers Ins. Co.,* 653 F.3d 1108, 1111 (9th Cir. 2011) quoting *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.,* 507 U.S. 380, 395 (1993) . Rule 60(b)(1) permits relief when the party's conduct is partly to blame for the delay, but the neglect is "excusable." *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). To determine whether neglect is excusable, courts apply a "four-factor equitable test" and must consider "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer*, 507 U.S. at 395).

Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394, (1993) , and includes "omissions caused by carelessness," *Id.* at 388. The

MEMORANDUM OF POINTS & AUTHORITIES
11

determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395. To determine when neglect is excusable, Courts conduct the equitable analysis specified in *Pioneer* by examining at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Bateman v. United States Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

The record in this case readily satisfies the equitable criteria for a finding of excusable neglect. First, as discussed above, vacating the judgment will not prejudice Defendants. The danger of prejudice weighs in favor of setting aside the judgment. Under the *Pioneer* factors, prejudice must be considered in relation to the prejudice a plaintiff would suffer if the case were dismissed. *See Lemonge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009). That Defendants may have to defend the case on the merits does not constitute prejudice under Rule 60(b)(1). *See Bateman v. U.S. Postal Serv*., 231 F.3d 1220, 1225 (9th Cir. 2000) (finding insufficient prejudice where defendants merely "would have lost a quick victory"). The present matter was dismissed at an early procedural stage, before discovery or substantive motion practice occurred, and there is no suggestion that evidence has been lost or that reopening the matter will impose any undue burden. The only consequence of granting relief is that the parties will return to the position they occupied before the dismissal, allowing the case to be resolved on its merits.

Second, the length of the delay and its impact on proceedings are minimal. The judgment was entered on March 14, 2025, and Plaintiff brings this motion within a reasonable time thereafter, promptly after discovering in October 2025 that the case had been dismissed without his knowledge. From March through September 2025, Plaintiff reasonably relied on repeated assurances from MR. PUPACH that the case remained pending in the State Court, including a February 26, 2025 email stating that "nothing is pending." Plaintiff acted swiftly in retaining new counsel and moving for relief immediately upon learning of the dismissal, demonstrating diligence once the true circumstances became known. The brief delay between the dismissal and the filing of this motion has caused no discernible disruption to the proceedings.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

MEMORANDUM OF POINTS & AUTHORITIES
12

Third, the reason for the delay was entirely outside Plaintiff's control. The failure to respond to the Court's Order to Show Cause and the Motion to Dismiss was caused solely by the neglect of Plaintiff's prior attorney, who failed to notify Plaintiff of critical developments, ceased meaningful communication, and allowed the case to be dismissed without his client's knowledge or participation. MR. PUPACH's conduct went beyond ordinary negligence. He affirmatively misled Plaintiff by discussing a non-existent "demurrer" in State Court after removal, withholding notice of the February 5, 2025 Order to Show Cause, and continuing to correspond as if the case remained active in State Court that no longer had jurisdiction. Plaintiff's reliance on MR. PUPACH's representation was reasonable, and his unawareness of the procedural posture of his case was the direct consequence of counsel's dereliction, not of Plaintiff's own conduct.

Finally, Plaintiff has acted in good faith at all times. In determining whether a party acts in bad faith, courts consider whether the error was due to negligence and carelessness rather than deviousness or willfulness. *See Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000. Here, there is no evidence that Plaintiff acted with any devious intent, bad faith, or willful disregard of the Court's orders. His failure to respond to the Motion to Dismiss and the OSC was the product of excusable neglect, not culpable conduct. As a layperson unfamiliar with procedural requirements, Plaintiff reasonably believed that his attorney was managing the litigation and ensuring that all necessary filings were timely made. He relied in good faith on the competence and diligence of his counsel to keep him apprised of case developments and to protect his interests before the Court. Upon learning in October 2025 that his case had been dismissed, Plaintiff immediately retained new counsel and diligently pursued relief. His actions demonstrate sincerity, promptness, and a clear desire to have the matter resolved on its merits.

Considering these factors collectively, the equities strongly favor a finding of excusable neglect. Plaintiff was an innocent client who relied in good faith on counsel who effectively abandoned him. MR. PUPACH's repeated misrepresentations, failure to communicate, and disregard of federal deadlines fall squarely within the category of gross attorney neglect that the Ninth Circuit has recognized as excusable under *Pioneer* and *Bateman*. Granting relief under Rule 60(b)(1) will not prejudice Defendants, will remedy a manifest injustice, and will allow this case to proceed on its

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

MEMORANDUM OF POINTS & AUTHORITIES
13

merits, consistent with the overarching policy of the Federal Rules of Civil Procedure to secure the just, speedy, and inexpensive determination of every action.

### C. The Judgment Should Also Be Vacated Due To The Gross Negligence Of Plaintiff's Former Counsel

In the alternative, this Court should grant this motion on the grounds that Plaintiff's former counsel, MR. PUPACH, was grossly negligent in his representation of the Plaintiff. In *Tani*, the leading Ninth Circuit case on this topic, defendant's attorney was found grossly negligent because he had "abandoned his duties as an attorney" by failing to file papers, failing to oppose a motion to strike his answer, failing to attend hearings, and deliberately misleading his client. *See Tani*, 282 F.3d at 1171. Other courts considering motions for relief due to an attorney's gross negligence have granted such relief where the attorneys "virtually abandoned" their clients in various ways. *See Lal v. California*, 610 F.3d 518, 524, *12 (9th Cir. June 25, 2010) (attorney virtually abandoned client by continuing to tell client that case was proceeding after it had been dismissed); *Boag v. Litton Loan Servicing*, case no. C11-5838 BHS, 2013 U.S. Dist. LEXIS 146461, 12-14 (W.D. Wash. Oct. 9, 2013) (counsel had "virtually" abandoned client by failing to file pleadings, oppose motions, participate in discovery, and adhere to court orders).

It is appropriate to look to the totality of the circumstances when deciding whether the attorney's conduct meets the gross negligence standard. *See Madison v. First Mangus Fin. Corp.*, case no. CV-08-1562-PHX-GMS, 2009 U.S. Dist. LEXIS 40229, 11-12 (D. Ariz. Apr. 28, 2009). In *Madison*, for example, the court found that an attorney's conduct met the grossly negligent standard of Rule 60(b)(6) where the attorney (1) failed to properly inform his client of developments in the case, (2) failed to notify her when the deadline to file a second amended complaint was imminent, (3) failed to timely file said amended pleading despite assurances that he would do so, and (4) avoided correspondence with his client after missing the deadline. *Id.* at *11-12. The court found that, under the totality of the circumstances, the attorney's conduct met the gross negligence standard set out by case law, and resulted in the "ultimate sanction" against his client – loss of her ability to present the merits of her case. *Id.* ; see also *Tani*, 282 F.3d at 1171 (representation that attorney was performing

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

MEMORANDUM OF POINTS & AUTHORITIES
14

his responsibilities misled client to "depriv[ed] him of the opportunity to take action to preserve his rights").

Under the totality of the circumstances, MR. PUPACH's conduct constitutes gross negligence within the meaning of *Tani* and *Madison* and related authority. MR. PUPACH's dereliction of duty was not an isolated lapse but a sustained pattern of neglect and abandonment that spanned several months. He failed to inform Plaintiff that the case had been removed to Federal Court on January 6, 2025; failed to advise him that CHASE had filed a Motion to Dismiss; and ignored the Court's OSC requiring a response. Instead, MR. PUPACH continued to correspond with Plaintiff as if the matter remained active in the State Court, even assuring him on February 26, 2025 that "there is nothing pending." He never disclosed that the OSC was outstanding, that the Federal Court had taken jurisdiction, or that the case was in imminent danger of dismissal. When the Court subsequently dismissed the case and entered judgment on March 14, 2025, MR. PUPACH neither appeared nor notified his client of these events. He then attempted to file a Second Amended Complaint in the State Court in June 2025, months after federal dismissal, which was promptly rejected for lack of jurisdiction. This pattern of misrepresentation and inaction mirrors the attorney misconduct held to constitute gross negligence in *Tani* and *Madison*: a wholesale abandonment of professional duties that deprived the client of any meaningful opportunity to protect his rights.

Plaintiff, by contrast, bears no fault for the procedural default that resulted in dismissal. As a layperson unfamiliar with federal procedure, he reasonably relied upon MR. PUPACH to prosecute his case, to comply with the Court's orders, and to keep him informed of significant developments. Plaintiff's reliance was reinforced by MR. PUPACH's repeated assurances between February and May 2025 that the case remained active in State Court, culminating in the May 2025 email disclosing for the first time that the case had been removed to Federal Court. At no point did Plaintiff intend to abandon his claims or disregard his obligations to the Court. His reliance on counsel's assurances was justified and in good faith. When he later discovered in October 2025 that his case had been dismissed without notice, he acted promptly and responsibly, retaining new counsel to investigate and immediately pursue relief. These facts establish that Plaintiff was the innocent victim of his attorney's misconduct, not a participant in it.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

Courts have repeatedly held that when an attorney's conduct is so egregious that it amounts to virtual abandonment, relief under Rule 60(b)(6) is warranted to prevent manifest injustice. MR. PUPACH's ongoing misrepresentations, failure to comply with court orders, and concealment of the dismissal from his client constitute precisely the type of "gross negligence" that the Ninth Circuit recognized. His sustained non-communication and abandonment of the case deprived Plaintiff of any realistic opportunity to preserve his rights or seek timely relief. Just as in *Tani* and *Madison*, counsel's abdication here produced the "ultimate sanction" of extinguishing a meritorious case without adjudication. Equity and precedent alike compel the conclusion that the judgment must be vacated so that Plaintiff may finally have his day in court.

## V.   CONCLUSION

Accordingly, Plaintiff respectfully requests that this Honorable Court grant the Motion to Vacate Judgment pursuant to Federal Rule of Civil Procedure 60(b), set aside the Judgment entered on March 14, 2025, and reopen this action so that Plaintiff may have the opportunity to litigate his claims on their merits rather than be deprived of his day in court as a result of his former counsel's gross negligence and abandonment.

Dated: November 26, 2025            **ACE CALIFORNIA LAW PC**

_____
Allison C. Erggelet
Attorneys for Plaintiff John Heinnickel, Jr.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

MEMORANDUM OF POINTS & AUTHORITIES
16