ALLISON CECCHINI ERGGELET (SBN 340533)
ELIZABETH L. HURWITZ (SBN 278846)
**ACE CALIFORNIA LAW PC**
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Phone: 510-681-0955
Email: ace@acecalifornialaw.com
beth@acecalifornialaw.com

Attorneys for Plaintiff John Heinnickel, Jr.

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN HEINNICKEL, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>NETWORK CAPITAL FUNDING CORPORATION, et al.,<br><br>Defendants. | Case No.: 5:25-cv-00174-PCP<br><br>**DECLARATION OF JOHN HEINNICKEL, JR., IN SUPPORT OF MOTION TO VACATE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)**<br><br>*Filed Concurrently With:*<br>*1. Notice of Motion & Motion;*<br>*2. Memorandum of Points and Authorities; and*<br>*3. Proposed Order*<br><br>Date: January 8, 2026<br>Time: 10:00 A.M.<br>Courtroom: 8 – 4th Floor<br>Judge: Hon. P. Casey Pitts |

**DECLARATION OF JOHN HEINNICKEL, JR.**

I, John Heinnickel, Jr., hereby declare:

1. I am the Plaintiff in this matter. I make this Declaration in support of Plaintiff's Motion to Vacate Judgment Pursuant to Federal Rule of Civil Procedure 60(b). I am over the age of eighteen and competent to testify to the matters set forth herein. If called as a witness, I could and would competently testify to the following facts based on my personal knowledge.

2. On or about January 17, 2022, in the City of Santa Clara, County of Santa Clara, California, I executed loan documents for a refinance of my home located at 293 Monroe Street, Santa Clara, CA 95050, where Network Capital Funding Corporation ("NETWORK CAPITAL") was the lender.

3. Among the loan documents I signed was a Notice of Three-Day Right to Cancel, which gave me until midnight on January 21, 2022, to rescind the transaction.

4. On January 20, 2022, at 2:54 p.m. PST, I sent a telegram cancelling the loan through SendTelegram.com (Tracking No. 941734). Later that same day at 11:22 p.m. PST, I sent a second telegram through International Telegram (Order No. 22551852) again cancelling the transaction. Both were sent before the rescission deadline.

5. Despite my timely cancellations, NETWORK CAPITAL funded the loan on January 24, 2022 and recorded the Deed of Trust on January 25, 2022. When I contacted NETWORK CAPITAL and provided proof of my telegrams, they refused to honor my rescission, claiming without basis that my notice was received too late.

6. On January 31, 2022, JPMorgan Chase Bank, N.A. ("CHASE") purchased the loan from NETWORK CAPITAL and became the servicer. On March 17, 2022, CHASE sold the loan to Freddie Mac while retaining servicing, and on July 5, 2022, CHASE repurchased the loan and became the owner and servicer again.

7. On September 15, 2022, CHASE recorded and served a Notice of Default, initiating foreclosure proceedings on my home. On December 13, 2022, CHASE recorded a Notice of Trustee's Sale setting a sale date of January 18, 2023 at 9:00 a.m. To save my home from foreclosure, on January 6, 2023 I paid off the loan in full, under protest, in the amount of $215,765.00 to CHASE.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com



Doc ID: 7439d81c61e2916660b1682cdc055064edfad0ce

8. I retained attorney TIMOTHY A. PUPACH ("MR. PUPACH") to represent me in connection with these matters. On or about August 26, 2022, a civil complaint was filed on my behalf in the Superior Court of California, County of Santa Clara, entitled *Heinnickel v. Network Capital Funding Corporation, et al.*, Case No. 22CV403725. Thereafter, on or about November 25, 2024, MR. PUPACH filed a First Amended Complaint in the same action, which I understood to be the operative pleading at that time.

9. Unbeknownst to me, the case was removed to the United States District Court for the Northern District of California on January 6, 2025. At no time did MR. PUPACH advise me of the removal or that the matter was no longer pending in State Court. To the contrary, he continued to communicate with me as though the action remained active before the State Court, giving me every reason to believe that the case was proceeding in that forum.

10. On January 13, 2025, CHASE filed a Motion to Dismiss in the federal action, yet MR. PUPACH neither informed me of the filing nor took any steps to respond or otherwise protect my interests in connection with that motion.

11. On February 3, 2025, NETWORK CAPITAL attempted to file a demurrer in the State Court, however, the clerk rejected the filing with the notation that a hearing date must be reserved prior to submission. Later that same day, MR. PUPACH emailed me, advising that Defendants had filed a "demurrer" and "motion to strike" in the STATE COURT and that, absent settlement, we would need to prepare oppositions and appear for a hearing. In truth, the STATE COURT clerk had already rejected the demurrer earlier that day because the case had been removed to federal court and was no longer within the State Court's jurisdiction. MR. PUPACH, however, presented these filings as if they were active and pending matters, never disclosing that the demurrer had been rejected or that it was procedurally meaningless at that stage. A true and correct copy of the email dated February 3, 2025, is attached hereto as **Exhibit A** and incorporated by reference.

12. On February 4, 2025, I responded to MR. PUPACH's email with a detailed analysis of the demurrer's arguments, discussing applicable California law and potential strategies for opposition. At the time, I had no knowledge that the case was already pending in Federal Court, and I proceeded under the mistaken belief, based on MR. PUPACH's representations, that the matter remained active before

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com



Doc ID: 7439d81c61e2916660b1682cdc055064edfad0ce

the State Court. A true and correct copy of the email dated February 4, 2025, is attached hereto as **Exhibit B** and incorporated by reference.

13. On February 5, 2025, the Federal Court issued an Order to Show Cause ("OSC") directing that a response be filed by March 5, 2025, as a result of counsel's failure to oppose the pending Motion to Dismiss. MR. PUPACH did not inform me of the issuance of this order or the existence of any response deadline.

14. After several weeks without any communication, I emailed MR. PUPACH on February 26, 2025, asking whether we had received a response from NETWORK CAPITAL and whether any hearings or deadlines had been scheduled. On February 26, 2025, MR. PUPACH replied, stating, "Their demurrer was not filed because they did not clear a date with the Court and with me for the hearing on demurrer. There is nothing pending." I later learned that this statement was inaccurate. At that very time, the Federal Court had issued an Order to Show Cause with a March 5, 2025 response deadline, and the Motion to Dismiss filed by CHASE remained pending. MR. PUPACH's response led me to believe that the matter was simply awaiting action by opposing counsel and that no immediate steps were required, when in fact the case was in jeopardy of dismissal in Federal Court. A true and correct copy of the email communication dated February 26, 2025, is attached hereto as **Exhibit C** and incorporated by reference.

15. Without my knowledge, the Court dismissed my case on March 12, 2025, for failure to prosecute, and entered judgment on March 14, 2025. MR. PUPACH never informed me of either development. He failed to provide copies of the Order to Show Cause, the Order of Dismissal, or the Judgment, and at no time did he advise me that the action had been terminated. Throughout this period, I remained under the impression that the case was still active in the State Court and being properly handled by my counsel.

16. On April 24, 2025, having received no updates for an extended period, I sent MR. PUPACH another follow-up email inquiring whether there had been any developments in the case. He did not respond to that message until approximately three weeks later. A true and correct copy of the email dated April 24, 2025, is attached hereto as **Exhibit D** and incorporated by reference.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com



Doc ID: 7439d81c61e2916660b1682cdc055064edfad0ce

17. On May 15, 2025, MR. PUPACH finally responded to my April 24 inquiry, informing me for the first time that "CHASE got the case removed to Federal Court" and acknowledging that he "did not practice in Federal Court." He further stated that he intended to drop CHASE from the complaint and refile the case in State Court, remarking that "we are not going to recover anything from CHASE anyway." This disclosure came as a complete surprise to me, as I had been entirely unaware that the case had been removed to Federal Court. Although his message provided limited context, it omitted critical information – most notably, that the case had already been dismissed on March 12, 2025, and that judgment had been entered two days later. Based on his representations, I believed he was simply preparing to refile in State Court following removal to a jurisdiction in which he did not practice. A true and correct copy of the email dated May 15, 2025, is attached hereto as **Exhibit D** and incorporated by reference.

18. In June 2025, MR. PUPACH filed a Second Amended Complaint in the State Court, which was promptly rejected by the clerk with a notation that the matter had been removed to federal jurisdiction and that any amendment would require a court order. MR. PUPACH never informed me of this rejection or of the reason the filing was procedurally improper, leaving me to believe that the case was continuing to progress in State Court.

19. After June 2025, MR. PUPACH ceased all communication with me. I received no status updates or explanations. From July through September 2025, I continued to believe that the case remained active and was simply progressing slowly through the State Court process, and I therefore waited in good faith for further developments.

20. In October 2025, after several months of complete silence from MR. PUPACH, I independently accessed the court dockets online to determine the status of my case. Until that point, I had relied entirely on MR. PUPACH for updates and upon reviewing the records, I discovered, much to my shock, that the Federal Court had dismissed my case for failure to prosecute on March 12, 2025, and that judgment had been entered on March 14, 2025. I also learned that the State Court had rejected MR. PUPACH's attempted filing of a Second Amended Complaint in June 2025, confirming that the matter was no longer within its jurisdiction.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com



Doc ID: 7439d81c61e2916660b1682cdc055064edfad0ce

21. On October 2, 2025, I sent MR. PUPACH an email in which I attached copies of the court documents showing both the rejection of the Second Amended Complaint and the Federal Court's dismissal of my case for failure to prosecute months earlier. I informed MR. PUPACH that I had reviewed the court dockets and discovered that the federal case had been dismissed for failure to respond in March 2025, and that the State Court record reflected a rejection of his attempted filing. I asked him to clarify what had occurred and to advise whether any action could still be taken to remedy the situation. However, MR. PUPACH never responded to that email or provided any explanation whatsoever. A true and correct copy of the email dated October 2, 2025, is attached hereto as **Exhibit E** and incorporated by reference.

22. I was deeply dismayed to learn that my case had been dismissed without my knowledge and that MR. PUPACH had taken no action to prevent or remedy the dismissal. I immediately began searching for new legal representation to assess the situation and determine what corrective steps could be taken. Shortly thereafter, I retained ACE California Law, PC, who conducted a comprehensive review of my case and agreed to represent me in seeking relief from the judgment.

23. At all times, I have acted in good faith and with diligence in pursuing my claims. I never intended to abandon this action or permit it to be dismissed for lack of prosecution. Any failure to respond to court orders or motions occurred solely as a result of MR. PUPACH's neglect and failure to communicate, not through any fault or inaction of my own. Had I been aware of the removal, the motion, or the OSC, I would have acted immediately to protect my rights and ensure that my case proceeded to adjudication on the merits.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 13 day of November 2025 in Santa Clara, California.

[signature]

John Heinnickel, Jr.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com



Doc ID: 7439d81c61e2916660b1682cdc055064edfad0ce


EXHIBIT A



**John Heinnickel <jheinnic@gmail.com>**

## Our demand for Settlement

1 message

**Timothy Pupach** <Tim@pupachlaw.com> Mon, Feb 3, 2025 at 5:47 PM
To: "jheinnic@gmail.com" <jheinnic@gmail.com>

John

I have spoken with Network Capital's attorney and they asked that I make a demand informally to try to settle. Please see attached a draft of a demand. I asked for $69,000. Of course, this is a starting point in the negotiation and we would come down.

In the meantime they have file a demurrer to our complaint and a motion to strike. See attached. These are documents that try to attack our complaint on technical grounds to try to get certain claims removed. If the case does not settle we will need to oppose these documents and have a hearing with the judge on them.

Please get back to me with your thoughts on the demand letter attached.

Also, it would be very helpful if you ran a current credit report on yourself. Do you have your credit report that was associated with the application for the loan when you did it? The difference between the two scores will help show the damage to your credit. Finally, have you been denied credit for anything else, loan, credit card, etc., since the time of the loan?

Thanks, Tim

Timothy A. Pupach

Attorney at Law

3150 Almaden Expressway, Suite 204

San Jose, CA 95118

Tel: 408-971-9445

Fax: 408-971-9444

Email: tim@pupachlaw.com

www.pupachlaw.com



**corres.2.3.25 Network Capital.docx**
19K


EXHIBIT B



John Heinnickel <jheinnic@gmail.com>

# Re: Our demand for Settlement

1 message

**John Heinnickel** <jheinnic@gmail.com> Tue, Feb 4, 2025 at 1:14 PM
Reply-To: jheinnic+gmail@gmail.com
To: Timothy Pupach <Tim@pupachlaw.com>

Timothy,

Reading through their Demurer, it looks like they are focusing on the mistaken attribution of Regulation Z's 1026.23(a)1 declaration that the contract is cancelled as of the time the telegram was sent to California Law. This content motivated me to do a little searching and indeed California's laws on the Right of Rescission seem to go so far as to explicitly exclude themselves from applying to contracts regulated by the federal truth in lending act.

That may have been an error, but the complaint does include the TILA Disclosure itself as an Exhibit, and I don't think a reasonable person would fail to understand that its terms were violated. In logic theory, I believe the term "fatal flaw fallacy" was used to describe an fallacious argument that cherry picks a single flawed premise statement that can be disputed, and then claims that this proves every other statement in the argument's total reasoning is therefore invalid, even if the disputable statement was just one piece of supporting evidence and the rest of the argument can stand without it.

Misattributing the timing rule to state law does not negate the content of the TILA Disclosure or that fact that its Network Capital had prematurely serviced the loan before honoring their obligations under that disclosure after I'd followed its instructions correctly. It's not so egregious of a mistake to have obfuscated what Network is being accused of.

It is a bit worrying that Network Capital is claiming that we failed to respond to a January 27th request for a communication to address their inability to figure out what they were being accused of, and seem to claim that the court should sustain their Demurrer **without leave to amend.** That seems to be excessive given the substance of everything else already there, and the minor tick it would take to correct.

The jurisdiction question is a little troubling. I sense that a likely worst case scenario is that this could be sustained on grounds that it belongs in a federal district court, but I would be surprised if a judge would deny leave to amend and block it from being refiled there if so. That being said, I think we are also getting dangerously close to a statute of limitations on the case, if not already just past it (is it 3 years or 4?).

I believe I can find a credit report from shortly before this all started, but I'll need a day or two to track it down. I don't believe I have applied for any credit since this all started, but knowing the state of affairs certainly served as motivation to not apply for things I knew I could not be approved of, and would only do more damage for having done so.

--John

On Mon, Feb 3, 2025 at 5:47 PM Timothy Pupach <Tim@pupachlaw.com> wrote:

> John
>
> I have spoken with Network Capital's attorney and they asked that I make a demand informally to try to settle. Please see attached a draft of a demand. I asked for $69,000. Of course, this is a starting point in the negotiation and we would come down.
>
> In the meantime they have file a demurrer to our complaint and a motion to strike. See attached. These are documents that try to attack our complaint on technical grounds to try to get certain claims removed. If the case does not settle we will need to oppose these documents and have a hearing with the judge on them.

Please get back to me with your thoughts on the demand letter attached.

Also, it would be very helpful if you ran a current credit report on yourself. Do you have your credit report that was associated with the application for the loan when you did it? The difference between the two scores will help show the damage to your credit. Finally, have you been denied credit for anything else, loan, credit card, etc., since the time of the loan?

Thanks, Tim

Timothy A. Pupach

Attorney at Law

3150 Almaden Expressway, Suite 204

San Jose, CA 95118

Tel: 408-971-9445

Fax: 408-971-9444

Email: tim@pupachlaw.com

www.pupachlaw.com

--
John Heinnickel
Software Engineer in Santa Clara, CA
jheinnic @ Skype


EXHIBIT C



John Heinnickel <jheinnic@gmail.com>

## RE: News?

1 message

**Timothy Pupach** <Tim@pupachlaw.com> Wed, Feb 26, 2025 at 5:17 PM
To: "jheinnic+gmail@gmail.com" <jheinnic+gmail@gmail.com>

John: No response yet. I just pinged them to follow up.

Their demurrer was not filed because they did not clear a date with the Court and with me for the hearing on demurrer. There is nothing pending.

Tim

Timothy A. Pupach

Attorney at Law

3150 Almaden Expressway, Suite 204

San Jose, CA 95118

Tel: 408-971-9445

Fax: 408-971-9444

Email: tim@pupachlaw.com

www.pupachlaw.com

---

**From:** John Heinnickel <jheinnic@gmail.com>
**Sent:** Wednesday, February 26, 2025 4:13 PM
**To:** Timothy Pupach <Tim@pupachlaw.com>
**Subject:** News?

TImothy,

I presume we did not get a response from Network Capital? If so, what dates if any have been set for upcoming next encounters?

--John

--

John Heinnickel
Software Engineer in Santa Clara, CA
jheinnic @ Skype


EXHIBIT D



**John Heinnickel <jheinnic@gmail.com>**

## Re: News?

**John Heinnickel** <jheinnic@gmail.com> Mon, May 19, 2025 at 6:23 AM
Reply-To: jheinnic+gmail@gmail.com
To: Timothy Pupach <Tim@pupachlaw.com>

Hello Tim,

I am reading the ammended complaint, and am recalling the email I had revisitted when Network Capital was talking about filling for a Demurer a couple months back. A detail I believe you had agreed was significant was that In the reply where Network Capital refused to do anything, I forget the fellow's name, but his explanation was that "I should have sent email to stop them because the loan was funded Friday morning and they did not receive the Telegram until Monday morning.".

The details of the complaint state that the loan was funded on January 24th, which was Monday, but Network Capital's explanation stated Friday, which was the 22nd, and only 8 hours after the cancellation has passed. Since we have to refile the complaint, what would you think about updating this information?

The one thing I can think of that might ne worth doing first would be to corroborate Network's loan agent's statement. Nationstar should have an official record of when they received the wire transfer. If there is something I can request to access that information, and you would like to do that due diligence before handling the information, let me know. I'll wait for your reply before going to the Docusign.

—John

On Thursday, May 15, 2025, Timothy Pupach <Tim@pupachlaw.com> wrote:

> John:
>
> Chase got the case removed to Federal Court. I do not practice in federal court and it gives them an advantage. We are not going to recover anything from Chase any way so I have decided to drop them from the complaint and refile without them as a defendant bacv in Superior Court. Therefore, the only defendant will be NETWORK CAPITAL. Please see second amended complaint attached. I will send to you by docusign. Tim
>
> Timothy A. Pupach
>
> Attorney at Law
>
> 3150 Almaden Expressway, Suite 204
>
> San Jose, CA 95118
>
> Tel: 408-971-9445
>
> Fax: 408-971-9444
>
> Email: tim@pupachlaw.com
>
> www.pupachlaw.com

**From:** John Heinnickel <jheinnic@gmail.com>
**Sent:** Thursday, April 24, 2025 4:14 PM
**To:** Timothy Pupach <Tim@pupachlaw.com>
**Subject:** Re: News?

Hello Timothy,

I was wonderinf of this might be a good time to check in and ask if anything of intetrest has happened here?

--John

On Wednesday, February 26, 2025, Timothy Pupach <Tim@pupachlaw.com> wrote:

> John: No response yet. I just pinged them to follow up.
>
> Their demurrer was not filed because they did not clear a date with the Court and with me for the hearing on demurrer. There is nothing pending.
>
> Tim
>
> Timothy A. Pupach
>
> Attorney at Law
>
> 3150 Almaden Expressway, Suite 204
>
> San Jose, CA 95118
>
> Tel: 408-971-9445
>
> Fax: 408-971-9444
>
> Email: tim@pupachlaw.com
>
> www.pupachlaw.com
>
> ---
>
> **From:** John Heinnickel <jheinnic@gmail.com>
> **Sent:** Wednesday, February 26, 2025 4:13 PM
> **To:** Timothy Pupach <Tim@pupachlaw.com>
> **Subject:** News?
>
> TImothy,
>
> I presume we did not get a response from Network Capital? If so, what dates if any have been set for upcoming next encounters?

--John

--

John Heinnickel
Software Engineer in Santa Clara, CA
jheinnic @ Skype

--
John Heinnickel
Software Engineer in Santa Clara, CA
jheinnic @ Skype

--
John Heinnickel
Software Engineer in Santa Clara, CA
jheinnic @ Skype


EXHIBIT E



**John Heinnickel <jheinnic@gmail.com>**

---

## Any News?

1 message

---

**John Heinnickel** <jheinnic@gmail.com> Thu, Oct 2, 2025 at 5:49 PM
Reply-To: jheinnic+gmail@gmail.com
To: Timothy Pupach <Tim@pupachlaw.com>

Timothy,

I looked into what I could find online. I see the Federal case was dismissed for a failure to respond back in March. The last record in the California case paper trail is a notification of a rejected filing from June. Has this reached a dead end?

--
John Heinnickel
Software Engineer in Santa Clara, CA
jheinnic @ Skype

---

**3 attachments**


**gov.uscourts.cand.442350.14.0.pdf**
84K


**gov.uscourts.cand.442350.15.0.pdf**
96K

**document.pdf**
7422K


Doc ID: 7439d81c61e2916660b1682cdc055064edfad0ce