UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HEINNICKEL, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>NETWORK CAPITAL FUNDING<br>CORPORATION, et al.,<br><br>    Defendants. | Case No.  25-cv-00174-PCP<br><br>**ORDER GRANTING MOTION TO<br>VACATE JUDGMENT**<br><br>Re: Dkt. No. 17 |

Plaintiff John Heinnickel, Jr. moves for relief from judgment under Federal Rule of Civil Procedure 60(b) after the Court dismissed this action for failure to prosecute. For the reasons below, the Court grants Heinnickel's motion.

### BACKGROUND

Heinnickel, represented by attorney Timothy A. Pupach, filed a complaint in state court on August 26, 2022, related to a loan to refinance Heinnickel's property. Dkt. 1, Ex. A. On November 25, 2024, Heinnickel, through Pupach, filed a first amended complaint. *Id.* The defendants removed the case to this Court on January 26, 2025. Dkt. 1. On January 13, 2025, defendant JPMorgan Chase Bank, N.A. filed a motion to dismiss. Dkt. 7. Heinnickel did not file an opposition or response. On February 5, 2025, the Court ordered Heinnickel to show cause as to why his case should not be dismissed for failure to prosecute. Dkt. 14. Receiving no response, the Court dismissed the case without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) and entered judgment on March 14, 2025. Dkts. 15, 16.

Heinnickel, represented by new counsel, filed this unopposed motion for relief from judgment under Rule 60(b)(1) and (b)(6) on November 26, 2025. In support of his motion, Heinnickel produced a declaration outlining his communications, and lack thereof, with his former

United States District Court
Northern District of California

counsel Pupach and attached various emails between them. Heinnickel attests that Pupach never told him that his case was removed to federal court or about the motion to dismiss, the order to show cause, or the dismissal and judgment entered in this case. Instead, after the case was removed, another defendant tried to file a demurrer in state court, which the clerk rejected. Nevertheless, Pupach emailed Heinnickel on February 3, 2025, advising him that, absent a settlement, Pupach would need to prepare an opposition brief and appear for a hearing on the demurrer. Heinnickel responded the next day with substantive thoughts on the demurrer. Only after Heinnickel followed up with Pupach on February 26, 2025, did Pupach tell him that the demurrer was not accepted for filing. Pupach added, "There is nothing pending." At the time, the motion to dismiss and the Court's order to show cause were outstanding. Heinnickel declares that, based on Pupach's representations and omissions, he believed his case remained pending in state court under Pupach's supervision.

On April 24, 2025, Heinnickel sent Pupach a follow-up email asking about developments in the case. Three weeks later, Pupach responded and informed Heinnickel that the case had been removed to federal court, but not that it had been dismissed. Instead, Pupach advised that he would drop the removing defendant, Chase, from the complaint and refile in state court. In June 2025, Pupach attempted to file a second amended complaint in state court, which was "promptly rejected by the clerk with a notation that the matter had been removed to federal jurisdiction and that any amendment would require a court order." Pupach did not tell Heinnickel that the filing was rejected.

Pupach did not provide Heinnickel with any status updates from July through September 2025, during which time Heinnickel "continued to believe that the case remained active and was simply progressing slowly" in state court. In October 2025, however, after Heinnickel had still not heard from Pupach, he checked the docket for his case online. He discovered that this Court had dismissed his case in March and that the state court had rejected the second amended complaint Pupach attempted to file in June. Heinnickel emailed Pupach to ask for clarification and information on next steps. Pupach never responded.

United States District Court
Northern District of California

## I.      Rule 60(b)(1)

Under Rule 60(b)(1), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." But "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (citation omitted). This is because "[a]s a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). Rather, negligent and intentional attorney misconduct is "more appropriately addressed through malpractice claims." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006).

Heinnickel moves for Rule 60(b) relief from judgment based on Pupach's "gross negligence and virtual abandonment." Any relief available to Heinneckel on these grounds, however, is available only under Rule 60(b)(6) and not Rule 60(b)(1). *See Casey*, 362 F.3d at 1260 (rejecting relief under Rule 60(b)(1) based on attorney malpractice and inexperience); *Latshaw*, 452 F.3d at 1101–02 ("A party will not be released from a poor litigation decision made because of inaccurate information or advice, even if provided by an attorney."); *Spates-Moore v. Henderson*, 305 F. App'x 449, 451 (9th Cir. 2008) (remanding for district court to consider attorney's negligence under Rule 60(b)(6)); *United States v. Sayegh*, No. 16-cr-00506-PHX-DGC, 2019 WL 530064, at *1–3 (D. Ariz. Feb. 11, 2019); *Econo Lube Franchisor SPV LLC v. Patel*, 21-cv-01312-DOC-KES, 2023 WL 12195963, at *3–4 (C.D. Cal. June 29, 2023).

## II.      Rule 60(b)(6)

### A.      Gross Negligence

Under Rule 60(b)(6), a court may relieve a party from a final judgment for "any [] reason that justifies relief" if the party moves for such relief "within a reasonable time … after the entry of judgment." Fed. R. Civ. P. 60(b)(6), (c)(1). Rule 60(b)(6) is used "sparingly as an equitable remedy to prevent manifest injustice." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (citation omitted). A party is thus entitled to relief under Rule 60(b)(6)'s catch-all provision only if

United States District Court
Northern District of California

"he demonstrates 'extraordinary circumstances which prevented or rendered him unable to'" pursue his case. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002) (citations omitted). "The party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Id.*

Although "a client is ordinarily chargeable with his counsel's negligent acts," a party may be entitled to relief from default judgment or dismissal for failure to prosecute where his attorney's "gross negligence" constitutes extraordinary circumstances. *Id.* at 1168–70; *Lal*, 610 F.3d at 524–25.[1] Gross negligence is "neglect so gross that it is inexcusable" and amounts to virtual abandonment of the attorney's client. *Lal*, 610 F.3d at 524 (citing *Tani*, 282 F.3d at 1168, 1170–71).

In both *Tani* and *Lal*, the Ninth Circuit found the attorneys' actions amounted to gross negligence where both attorneys "virtually abandoned their clients by failing to proceed with their clients' case despite court orders to do so." *Id.* at 525 (cleaned up). The attorney in *Tani* failed to oppose a motion, attend hearings, engage in settlement discussions, or provide parties with a copy of the answer that he filed late. 282 F.3d at 1171. Both attorneys "deliberately misled their clients and deprived them of the opportunity to take action to preserve their rights" by explicitly telling their clients that their cases were proceeding properly and moving forward even after they had been dismissed. *Lal*, 610 F.3d at 525.

Pupach's conduct is comparable to that of the attorneys in *Tani* and *Lal* and constitutes

---

[1] The Ninth Circuit in *Lal* held "that an attorney's gross negligence resulting in dismissal with prejudice for failure to prosecute constitutes an 'extraordinary circumstance' under Rule 60(b)(6) warranting relief from judgment." 610 F.3d at 524. Although the Rule 41(b) dismissal for failure to prosecute here was without prejudice, the Court does not find the distinction dispositive. *Lal*'s rationale for extending Rule 60(b)(6) relief beyond default judgments applies equally, especially because a dismissal without prejudice may nonetheless foreclose further recourse for a litigant whose claim has become time barred. *See id.* at 525 (explaining that the "same policy considerations underlie dismissal for failure to prosecute" as default judgment and that both are appropriate only in extreme circumstances); *see also Madison v. First Mangus Fin. Corp.*, No. 08-cv-1562-PHX-GMS, 2009 WL 1148453, at *3 (D. Ariz. Apr. 28, 2009) ("[T]he Ninth Circuit has sanctioned the application of Rule 60(b)(6) where an attorney's gross neglect results in the ultimate consequence—a judgment not predicated upon the actual merits of the case, but rather upon the party's failure to prosecute or defend his case.").

United States District Court
Northern District of California

gross negligence that merits relief. Pupach failed to file a response to Chase's motion to dismiss, even after the Court effectively warned him of the consequences of failing to do so by issuing an order to show cause why the case should not be dismissed for failure to prosecute. *See Lal*, 610 F.3d at 525; *Moore v. United States*, 262 F. App'x 828, 829 (9th Cir. 2008) (finding an attorney was grossly negligent when he failed to respond to a motion for summary judgment even after a warning). Pupach failed to respond to the Court's order to show cause. *See Brooks v. Yates*, 818 F.3d 532, 534–35 (9th Cir. 2016) (concluding an attorney was grossly negligent when he did not inform his client of an order to show cause, even when the client inquired about the case, and did not file a response). Pupach failed to apprise Heinnickel of important case developments, including that his case had been removed and, later, dismissed.  *See Madison*, 2009 WL 1148453, at *3–4 (granting relief under Rule 60(b)(6) where an attorney failed to inform his client of case developments, pending deadlines, and avoided corresponding with the client). Pupach misled Heinnickel through these omissions and through affirmative representations in response to Heinnickel's requests for updates, including by telling him nothing was pending in his case. *See Lal*, 610 F.3d at 525. Pupach failed to provide Heinnickel with copies of important filings. And Pupach ultimately went silent in corresponding with Heinnickel about the case. Even though Pupach did attempt to file a second amended complaint in state court, as he told Heinnickel he would, he did not inform Heinnickel of the reason why his filing was supposedly necessary—the dismissal of his federal case—or that the filing was rejected. Taken together, Pupach's actions rise to the level of "virtual abandonment" that "depriv[ed] [Heinnickel] of the opportunity to take action to preserve [his] rights." *See Tani*, 282 F.3d at 1171.

### B.    Timeliness

Heinnickel filed the pending motion for relief under Rule 60(b)(6) "within a reasonable time." "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

Through June 2025, Heinnickel was in contact with Pupach and reasonably believed that

5

United States District Court
Northern District of California

Pupach would provide him with relevant updates on his case. Although Heinnickel did not act to investigate the status of his case until early October 2025, his declaration suggests that weeks-long gaps in contact from Pupach were not unusual. Once Heinnickel searched online court dockets in October and discovered that his case had been dismissed, he promptly contacted Pupach and sought new counsel. Heinnickel filed this motion less than two months after discovering the dismissal. The motion is therefore timely. *Compare Lal*, 610 F.3d at 526 (concluding a client pursued relief diligently where less than four months elapsed between when the client learned her case had been dismissed and when she filed a motion for relief) *and Sayegh*, 2019 WL 530064, at *4 (concluding a motion for relief was timely where the client sought and retained new counsel within one month of learning her case had been dismissed and new counsel filed the motion three months thereafter) *with Reynoso v. City & Cnty. of San Francisco*, No. 10-cv-00984-MEJ, 2016 WL 4364144, at *5 (N.D. Cal. Aug. 16, 2016) (concluding a motion for relief was untimely when it was filed 27 months after dismissal without an excusable reason for the delay).

Because Pupach's actions constituted gross negligence and Heinnickel's motion is timely, relief under Rule 60(b)(6) is appropriate.

## CONCLUSION

Heinnickel's motion for relief is granted under Federal Rule of Civil Procedure 60(b)(6). The judgment entered on March 14, 2025, is vacated. Heinnickel is ordered to file a response to Chase's motion to dismiss, Dkt. 7, by March 10, 2026. Chase may file a reply within 14 days thereafter. Chase must re-notice the motion for hearing.

**IT IS SO ORDERED.**

Dated: February 10, 2026

P. Casey Pitts
United States District Judge

6