ALLISON CECCHINI ERGGELET (SBN 340533)
**ACE CALIFORNIA LAW**
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Phone: 510-681-0955
Email: ace@acecalifornialaw.com

Attorneys for Plaintiff John Heinnickel, Jr.

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HEINNICKEL, JR., | Case No.: 25-cv-00174-PCP |
| Plaintiff, | |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)** |
| NETWORK CAPITAL FUNDING CORPORATION, a Nevada Corporation; JPMORGAN CHASE BANK, N.A., a National Association; and DOES 1-20, Inclusive, | |
| Defendants. | Date: April 30, 2026<br>Time: 10:00 A.M<br>Courtroom: 8 – 4th Floor<br>Judge: Hon. P. Casey Pitts |

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

i

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................. 1

II.    STATEMENT OF FACTS .................................................................................. 1

III.   LEGAL STANDARD ......................................................................................... 2

IV.   ARGUMENT ....................................................................................................... 3

   *A.   The First Cause of Action States a Viable Claim Under TILA* ............................................ 3

      1.   Plaintiff's Claim for Monetary Damages Is Properly Asserted Against Chase Under TILA's Rescission and Assignee Provisions ................................................................... 3

      2.   The TILA Claim Is Not Time-Barred and Accrual Cannot Be Resolved at the Pleading Stage ................................................................................................................... 5

   *B.   Plaintiff's Second Cause of Action Properly States a Claim for Violation of the UCL* ......... 6

      1.   Plaintiff Has Adequately Alleged Standing Under the UCL ................................................. 6

      2.   The FAC plausibly pleads UCL "unlawful," "unfair," and "fraudulent" theories, or at minimum warrants leave to amend rather than dismissal with prejudice ....................................... 7

V.    CONCLUSION ................................................................................................... 9

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

# TABLE OF AUTHORITIES

## STATUTES

12 C.F.R. § 1026.23(a)(2) ........................................................................................... 3

12 C.F.R. § 1026.23(d)(1) ........................................................................................... 4

12 C.F.R. § 1026.23(d)(2) ........................................................................................ 4, 6

15 U.S.C. § 1635(b) ................................................................................................. 4, 6

15 U.S.C. § 1640 ........................................................................................................ 3

15 U.S.C. § 1640(e) .................................................................................................... 5

15 U.S.C. § 1641(c) .................................................................................................... 4

Cal. Bus. & Prof. Code § 17204 ................................................................................. 7

Fed. R. Civ. P. 15(a)(2) ........................................................................................... 6, 9

Fed. R. Civ. P. 15(c)(1)(B) .......................................................................................... 5

Federal Rule of Civil Procedure 12(b)(6) ......................................................... 1, 2, 3, 5, 7, 9

## STATE CASES

*Allen v. City of Beverly Hills*, 911 F.2d 367, 373, (9th Cir. 1990)..................................... 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................ 2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ............................................................... 2, 3

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) ................. 8

*Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1365 (2010)................................... 8

*Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) ....................... 3

*Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048 (9th Cir. 2003) ............................. 6

*Foman v. Davis,* 371 U.S. 178 (1962) ......................................................................... 6

*Hall v. Time*, Inc., 158 Cal. App. 4th 847, 855 (2008) ................................................... 7

*Hoang v. Bank of America, N.A.,* 910 F.3d 1096 (9th Cir. 2018)...................................... 6

*Hurn v. Ret. Fund Trust of the Plumbing, Heating & Piping Indus. of S. Cal.,* 648 F.2d 1252, 1254 (9th Cir. 1981).................................................................................. 6

*In re Tobacco II Cases,* 46 Cal.4th 298, 312 (2009)....................................................... 8

*Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988 (9th Cir. 2018) ................................. 3

*Martell v. Trilogy Ltd*., 872 F.2d 322 (9th Cir. 1989)...................................................... 5

*Mendiondo v. Centinela Hosp. Med. Ctr*., 521 F.3d 1097 (9th Cir. 2008) .......................... 2

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

*Scott v. Kuhlmann*, 746 F.2d 1377 (9th Cir. 1984) ................................................................. 2

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002) ................................................................. 2

*Wilson v. Hewlett-Packard Co.,* 668 F.3d 1136, 1140 (9th Cir. 2012) ................................... 8

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

## I. <u>INTRODUCTION</u>

Plaintiff JOHN HEINNICKEL, JR. ("Plaintiff") respectfully submits this Opposition to the Motion to Dismiss filed by Defendant JPMORGAN CHASE BANK, N.A. ("Chase"), which seeks dismissal of the First Amended Complaint ("FAC") in its entirety under Federal Rule of Civil Procedure 12(b)(6) on the asserted grounds that Plaintiff has failed to state a viable claim for monetary damages under the Truth in Lending Act ("TILA") and has inadequately pled a claim under California Business and Professions Code section 17200 et seq. This case arises from Plaintiff's timely exercise of his statutory right to rescind a refinance of his principal dwelling within the three-business-day cancellation period. On the well-pleaded allegations of the FAC, Chase cannot evade potential liability simply because it was not the originating lender. At minimum, the allegations plausibly support a claim that Chase enforced and collected upon a loan that Plaintiff had already rescinded. Even if the Court were to determine that aspects of the federal or derivative state-law theories require refinement, dismissal with prejudice would be improper. The Federal Rules favor resolution on the merits and liberal amendment where a claim can be clarified or more precisely stated. For these reasons, Chase's request for dismissal should be denied**.**

## II. <u>STATEMENT OF FACTS</u>

On or about January 17, 2022, Plaintiff signed refinance loan documents regarding the real property located at 293 Monroe Street, Santa Clara, California 95050 ("Property"), with Plaintiff as borrower and Network Capital Funding Corporation ("Network Capital") as lender, and the deed of trust was recorded on January 25, 2022. (FAC, ¶ 8.) The loan's "major terms," included a principal amount of $202,500, a 180-month term at 2.375% interest, and specified monthly payment figures and closing/settlement-related charges. (FAC, ¶ 9.) The loan documents included a Notice of a Three-Day Right to Cancel, requiring notice of cancellation before midnight on the third business day after the contract date, which is midnight of January 21, 2022. (FAC, ¶ 10.) Plaintiff cancelled the transaction within the rescission period on January 20, 2022 at 2:54 p.m. PST by telegram, and again on 20 January 2022 at 11:22 p.m. PST by telegram; both cancellations sent before the midnight deadline. (FAC, ¶ 11.) Network Capital nevertheless proceeded with the refinance and funded the loan on January 24, 2022. (FAC, ¶ 11.)

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

The $202,500 loan was secured by the deed of trust recorded on January 25, 2022. (FAC, ¶ 13.) Plaintiff corresponded with Network Capital about the cancellation and provided receipts for telegram confirmations, but Network Capital refused to cancel the transaction, claiming it did not receive the cancellation until after funding. (FAC, ¶ 14.) On or about January 31, 2022, Chase purchased the loan from Network Capital, changed the servicer to Chase, and the loan was assigned to Chase. (FAC, ¶ 15.) Thereafter, Chase sold the loan to Freddie Mac on or about March 17, 2022 while keeping Chase as servicer, and later repurchased the loan on or about July 05, 2022, becoming servicer and owner. (FAC, ¶¶ 16–17.)

### III.  LEGAL STANDARD

To survive a motion to dismiss, a complaint need only contain sufficient facts to suggest a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More specifically, the Rule 12(b)(6) standard merely requires allegations that, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement of relief." *See Iqbal*, 556 U.S. at 679. Plausibility is a "context-specific" inquiry based on "judicial experience and common sense." *Id.* Moreover, in a suit alleging employment discrimination or non-accommodation, plaintiffs need not even plead all the elements of a prima facie case. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002). Rather, dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, affirmative defenses should not be resolved on a motion to dismiss where there are disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Accordingly, a Rule 12(b)(6) motion tests the sufficiency of the complaint, not the truth of disputed facts and the Court must accept well-pleaded factual allegations as true and draw reasonable inferences in Plaintiff's favor.

Furthermore, because Chase filed a Request for Judicial Notice ("RJN") in support of dismissal, it is important to keep the doctrinal boundary clear: while courts may notice the existence of public records, they generally may not accept disputed factual propositions within those records as true to resolve claim merits at the pleading stage. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

of Civil Procedure. When "matters outside the pleading are presented to and not excluded by the court," the 12(b)(6) motion converts into a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). *See Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018). "If defendants are permitted to present their own version of the facts at the pleading stage — and district courts accept those facts as uncontroverted and true — it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief." *See Id. at* 999 *citing Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009). "[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment…But a court cannot take judicial notice of disputed facts contained in such public records." *Id*. Finally, even where a complaint may otherwise be subject to dismissal under Rule 12(b)(6) , leave to amend should be granted with "extreme liberality." *See Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003).

## IV.    <u>ARGUMENT</u>

### A.  The First Cause of Action States a Viable Claim Under TILA

#### 1. Plaintiff's Claim for Monetary Damages Is Properly Asserted Against Chase Under TILA's Rescission and Assignee Provisions

Chase's principal argument proceeds from the premise that, because Network Capital originated the loan, Chase does not meet TILA's statutory definition of "creditor" and therefore cannot be subject to civil liability for monetary damages under 15 U.S.C. § 1640. That position rests on an unduly narrow construction of both the statute and the pleading. Even assuming arguendo that § 1640 damages for disclosure violations are circumscribed in the manner Chase proposes, the FAC does not assert a conventional disclosure-defect claim confined to that limited remedial theory.

The central premise of the FAC is that Plaintiff timely exercised his statutory three-business-day right of rescission by transmitting written notice within the prescribed period, and that Defendants thereafter proceeded as though no rescission had occurred. Regulation Z expressly authorizes rescission by "mail, telegram or other means of written communication," and provides that such notice is deemed given when mailed or, in the case of a telegram, when filed for telegraphic transmission. *See* 12 C.F.R. § 1026.23(a)(2). Accordingly, under the plain text of the governing regulation, the effectiveness of Plaintiff's rescission turns on the time at which the telegram was filed for telegraphic transmission and

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

not on any subsequent assertions regarding receipt or internal processing by the originating lender.

Congress expressly preserved the consumer's right of rescission as against assignees of the obligation. The statute provides that "[a]ny consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation." *See* 15 U.S.C. § 1641(c). This language is unequivocal. It forecloses the suggestion that rescission consequences may be avoided merely because the loan has been assigned. By statutory design, the consumer's rescission right attaches to the obligation itself and remains enforceable notwithstanding transfer; assignment does not extinguish, dilute, or immunize the assignee from the legal effect of a properly exercised rescission.

Upon the exercise of rescission, Regulation Z provides that "the security interest giving rise to the right of rescission becomes void" and that "the consumer shall not be liable for any amount, including any finance charge." *See* 12 C.F.R. § 1026.23(d)(1). The regulation further mandates that within twenty calendar days after receipt of a rescission notice, "the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest." *See* 12 C.F.R. § 1026.23(d)(2). The statute itself imposes parallel obligations, requiring the creditor, upon receipt of rescission notice, to return money or property and take appropriate steps to terminate the security interest. *See* 15 U.S.C. § 1635(b). Here, precisely the opposite sequence occurred. Notwithstanding Plaintiff's timely cancellation within the rescission period, the loan was funded, the deed of trust was recorded, and foreclosure proceedings were initiated, culminating in Plaintiff's compelled payoff to avoid loss of his home. Accepting these well-pleaded allegations as true, the pleading plausibly states that the transaction was not unwound in accordance with the statutory and regulatory mandates governing rescission.

Finally, to the extent Chase contends that the FAC does not expressly allege that Plaintiff separately notified Chase of the rescission, that assertion identifies, at most, a potentially curable pleading refinement rather than a ground for dismissal with prejudice. The FAC alleges that Plaintiff timely exercised rescission and that, thereafter, the loan was assigned, serviced, and enforced through foreclosure proceedings notwithstanding that rescission. Whether Chase's potential liability arises by virtue of its status as an assignee subject to 15 U.S.C. § 1641(c), by reason of its conduct as loan owner

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

or servicer in pursuing enforcement of the allegedly rescinded obligation, or based upon its failure to take statutorily required steps upon acquiring the loan, presents legal and factual questions not appropriately resolved on a Rule 12(b)(6) motion premised on the most restrictive construction of the pleadings. At a minimum, any perceived deficiency regarding the manner or timing of notice would be amenable to clarification through amendment rather than warranting termination of the action at the pleading stage.

**2. The TILA Claim Is Not Time-Barred and Accrual Cannot Be Resolved at the Pleading Stage**

Chase next contends that Plaintiff's claim for monetary relief under TILA is time-barred on the ground that 15 U.S.C. § 1640(e) prescribes a one-year limitations period and that the FAC was filed on November 25, 2024. That contention does not compel dismissal at the pleading stage. While § 1640(e) establishes a one-year period for certain damages actions, the applicability of that limitations provision depends upon the precise nature of the statutory violation alleged and the point at which the claim accrued. Where, as here, the complaint is premised upon the legal consequences of a timely exercised rescission and the subsequent failure to effectuate the statutory unwinding obligations, the accrual analysis is not confined to the date of loan consummation. At minimum, the limitations issue presents questions of characterization and accrual that cannot be resolved against Plaintiff on a motion to dismiss predicated on the narrowest possible construction of the pleadings.

At the outset, Chase's own Request for Judicial Notice confirms that Plaintiff commenced this action in the Santa Clara County Superior Court on August 26, 2022. Under the governing relation-back principles, an amended pleading relates back to the date of the original filing when it asserts claims arising out of the same "conduct, transaction, or occurrence" set forth in the initial complaint. *See* Fed. R. Civ. P. 15(c)(1)(B). The Ninth Circuit applies a notice-based analysis, asking whether the original pleading placed the defendant on notice of the factual predicate underlying the amended claims. *See Martell v. Trilogy Ltd.*, 872 F.2d 322 (9th Cir. 1989). Here, the operative dispute remains unchanged: the same refinance transaction, the same timely rescission attempt, and the same alleged failure to unwind and terminate the security interest. The fact that the FAC more precisely delineates particular components of monetary relief does not transform the action into a new claim; it arises from the identical factual nucleus that formed the basis of the original filing. Under settled relation-back

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

principles, the commencement date of the action controls for limitations purposes.

Moreover, courts within this Circuit do not reflexively treat every TILA-related claim as accruing on the date of loan consummation. In the rescission context, accrual may instead be tied to the creditor's failure to comply with its statutory unwinding obligations following receipt of a rescission notice. In *Hoang v. Bank of America, N.A.,* 910 F.3d 1096 (9th Cir. 2018), the Ninth Circuit explained that a cause of action predicated upon rescission enforcement arose when the creditor failed, within the twenty-day period prescribed by 15 U.S.C. § 1635(b), to take the steps required to terminate the security interest and return consideration. The FAC alleges precisely such a sequence: timely rescission notice, a refusal to cancel or unwind the transaction, and subsequent foreclosure enforcement culminating in Plaintiff's payoff to avoid loss of his home. Those allegations are consistent with an accrual theory grounded in the creditor's failure to effectuate rescission as required by § 1635(b) and 12 C.F.R. § 1026.23(d)(2), rather than one tied mechanically to the original closing date.

Even assuming arguendo that Chase were correct in asserting that certain components of monetary relief may be subject to temporal limitation, such a conclusion would not warrant dismissal of the First Cause of Action with prejudice. At most, it would support a narrowing of the requested relief and the grant of leave to amend to clarify the action's commencement date, the scope of rescission-based remedies and the accrual theory applicable to any damages. The Federal Rules reflect a strong preference for adjudication on the merits and for liberal amendment of pleadings. *See* Fed. R. Civ. P. 15(a)(2). Absent undue delay, bad faith, prejudice, or futility, leave to amend should be freely granted. *See Foman v. Davis,* 371 U.S. 178 (1962); *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048 (9th Cir. 2003); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373, (9th Cir. 1990); *Hurn v. Ret. Fund Trust of the Plumbing, Heating & Piping Indus. of S. Cal.,* 648 F.2d 1252, 1254 (9th Cir. 1981). Chase's request for dismissal with prejudice thus seeks a remedy far more drastic than the circumstances warrant at this stage of the proceedings.

**B. Plaintiff's Second Cause of Action Properly States a Claim for Violation of the UCL**

**1. Plaintiff Has Adequately Alleged Standing Under the UCL**

Chase contends that Plaintiff lacks standing under the Unfair Competition Law ("UCL") and cannot obtain restitution or injunctive relief, emphasizing that origination-related fees were paid to

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

other entities and that Plaintiff was obligated to repay the loan proceeds once funded. However, this contention does not warrant dismissal at the pleading stage. Plaintiff has alleged economic injury fairly traceable to the challenged conduct, including the payment of interest, late fees, and corporate advances that Plaintiff contends were not legally owed if his rescission was timely and effective. Under the UCL, a plaintiff need only allege loss of money or property "as a result of" the unfair practice. Where the theory of liability is that the security interest should have been voided and the obligation unwound, amounts subsequently demanded and collected in enforcement of that allegedly void obligation constitute a cognizable economic injury for standing purposes. At this stage, those allegations suffice to plead causation and entitlement to restitutionary relief.

Standing under the UCL requires that a private plaintiff demonstrate that he "has suffered injury in fact and has lost money or property as a result of the unfair competition." *See* Cal. Bus. & Prof. Code § 17204; *Hall v. Time*, Inc., 158 Cal. App. 4th 847, 855 (2008). Plaintiff has alleged that he paid $215,765.00 to Chase in order to avert foreclosure of his home, including $13,265 in additional interest, escrow deposits, late charges, and corporate advance fees that he contends were not legally due. This loss was incurred as a direct consequence of Defendants' refusal to honor rescission and their subsequent foreclosure enforcement conduct. The payment of money constitutes a paradigmatic economic injury sufficient to confer standing under the UCL. At the pleading stage, these allegations adequately establish injury in fact and loss of money "as a result of" the challenged practices within the meaning of § 17204. Chase's contention that "there is nothing to enjoin" because the loan has been paid off and the deed of trust reconveyed does not warrant dismissal of the UCL claim at the pleading stage. Accordingly, the FAC plausibly alleges economic injury fairly traceable to the challenged conduct and a viable basis for restitutionary and injunctive relief, and Chase's standing challenge does not provide a ground for dismissal under Rule 12(b)(6).

**2. The FAC plausibly pleads UCL "unlawful," "unfair," and "fraudulent" theories, or at minimum warrants leave to amend rather than dismissal with prejudice**

Chase seeks dismissal on the ground that Plaintiff has failed to plead unlawful, unfair, or fraudulent conduct attributable to Chase. That contention overlooks the specific factual allegations set forth in the FAC where Plaintiff has alleged that Chase acquired the loan as purchaser and assignee,

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

acted as servicer, recorded foreclosure notices, and demanded and collected a payoff under a transaction and lien that had been rescinded. These are not conclusory characterizations, but concrete acts attributed directly to Chase. At the pleading stage, such allegations are sufficient to articulate conduct that may fall within the unlawful, unfair, or fraudulent prongs of the UCL, assuming the underlying rescission theory is ultimately proven.

Under the "unlawful" prong, the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999); *see also Wilson v. Hewlett-Packard Co.,* 668 F.3d 1136, 1140 (9th Cir. 2012). The FAC predicates its UCL claim on the alleged failure to honor and effectuate a timely rescission under TILA and Regulation Z, including the failure to cancel the security instrument and the subsequent enforcement of the allegedly void lien. Where the FAC alleges that Plaintiff provided timely rescission notice and that Chase nonetheless pursued foreclosure enforcement and collected payment under a transaction Plaintiff contends had been rescinded, those allegations sufficiently articulate a predicate statutory violation capable of supporting an "unlawful" UCL theory at the pleading stage.

With respect to the "unfair" prong, Chase invokes formulations requiring conduct that is tethered to legislatively declared public policy or that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *See Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1365 (2010). Plaintiff has alleged that he exercised a statutory right of rescission within the prescribed timeframe, that the originating lender nonetheless funded the transaction, and that Chase subsequently invoked the recorded lien to initiate foreclosure proceedings and demand a payoff to avert sale. Accepting these allegations as true, the enforcement and collection of amounts under a transaction Plaintiff contends was timely rescinded plausibly describe conduct that could be deemed unfair in the consumer context. At the pleading stage, such allegations suffice to state a cognizable claim under the UCL's unfair prong.

To state a claim under the UCL's fraudulent prong, a plaintiff must allege "members of the public are likely to be deceived" by a business practice. *See In re Tobacco II Cases,* 46 Cal.4th 298, 312 (2009). Plaintiff has set forth detailed factual allegations identifying the actors (Network Capital

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

and Chase), the conduct at issue (refusal to recognize timely rescission; enforcement and collection under an allegedly cancelled instrument), the relevant dates (January 20, 2022 rescission telegrams; January 24, 2022 funding; September and December 2022 foreclosure notices; January 2023 payoff), and the manner in which the conduct allegedly contravened the rescission. These allegations provide far more than conclusory labels and, accepted as true, describe conduct that could plausibly mislead a reasonable consumer into believing the lien and obligation remained enforceable notwithstanding the asserted rescission. At the pleading stage, such specificity is sufficient to withstand dismissal under Rule 12(b)(6).

In any event, should the Court determine that the FAC would benefit from clearer delineation of whether Plaintiff proceeds under the unlawful, unfair, and/or the fraudulent prong, or from additional factual allegations bearing on injunctive relief, the proper course would be to grant leave to amend rather than dismiss with prejudice.

## V.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Chase's Motion to Dismiss in its entirety. In the alternative, to the extent the Court determines that any portion of the First Amended Complaint is insufficiently pleaded, Plaintiff respectfully requests leave to amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure so that any deficiencies may be cured consistent with the liberal amendment policy governing federal pleadings.

Dated: March 10, 2026          **ACE CALIFORNIA LAW PC**

 

Allison Cecchini Erggelet
Attorneys for Plaintiff John Heinnickel, Jr.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

<u>**PROOF OF SERVICE**</u>

| Re: | Heinnickle v. Network Capital Funding Corp., et al. |
|---|---|
| Court: | Northern District of California Case No.:5:25-cv-00174-PCP |
| Represents: | John Heinnickel |

I declare that I am over the age of 18, not a party to the above-entitled action; I am an employee of ACE California Law PC whose business address is 125 W Richmond Ave., Suite C, Point Richmond, CA 94801.

On **March 10, 2026**, I served the following document(s) in the following manner(s):

**PLAINTIFF'S OPPOSITION TO DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

☐     **MAIL:** By placing the document(s) listed below in a sealed envelope with postage thereon, in the United States mail at Oakland, California, addressed as set forth below.

☐     **ELECTRONIC MAIL:** by causing the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒     **ELECTRONIC SERVICE:** Via Pacer service

<b>See Pacer email/notice</b>

| | |
|---|---|
| Mr. Bryant Delgadillo<br>PIB Law<br>3070 Bristol Street<br>Costa Mesa, CA 92626<br>Telephone: 714-361-9622<br>Email: bryant.delgadillo@piblaw.com<br>Attorney for JPMorgan Chase Bank, N.A. | |

☒ I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

DATED:     March 10, 2026

_____
Maria Yolanda Lepe