BRYANT S. DELGADILLO (CA Bar No. 208361)
bryant.delgadillo@piblaw.com
PARKER IBRAHIM & BERG LLP
3070 Bristol Street, Suite 660
Costa Mesa, CA 92626
Tel:  (714) 361.9550
Fax: (714) 784.4190

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HEINNICKEL, JR.,<br><br>    Plaintiff<br><br>v.<br><br>NETWORK CAPITAL FUNDING CORPORATION, a Nevada Corporation; JPMORGAN CHASE BANK, N.A., a National Association; and DOES 1-20, Inclusive,<br><br>    Defendants. | **CASE NO.:** 25-cv-00174-SVK<br><br>**REPLY IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br><br>**Date:        April 30, 2026**<br>**Time:        10:00 a.m.**<br>**Courtroom: 8 – 4th Floor**<br>**Judge:        Hon. P. Casey Pitts** |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant, JPMorgan Chase Bank, N.A. ("Chase") respectfully submits the following Memorandum of Points and Authorities in Reply to plaintiff John

Heinnickel, Jr. ("Plaintiff") opposition ("Opp'n") to Chase's Motion to Dismiss the FAC ("Motion). [1]

### <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I. <u>PLAINTIFF DOES NOT DISPUTE THAT CHASE WAS NOT THE ORIGINATING LENDER AND THUS CHASE DOES NOT FALL UNDER THE DEFINITION OF "CREDITOR" UNDER SECTION 1640(a) OF TILA</u>

As discussed in the Motion, section 1640 of TILA provides that "creditors" who fail to comply with the TILA's disclosure requirements are subject to civil liability. 15 U.S.C. §1640(a) ("[A]ny ***<u>creditor</u>*** who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title . . . with respect to any person is liable to such person . . . .") (emphasis added). In addition, section 1602(f) of TILA defines "creditor" as follows:

> The term "creditor" refers only to a person who both (1) regularly extends . . . consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, ***<u>and</u> (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness*** . . . .

15 U.S.C. § 1602 (emphasis added). The parallel provision in Regulation Z provides:

> Creditor means: (i) A person (A) who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than 4 installments (not including a downpayment), and (B) to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract.

12 C.F.R. § 226.2(a)(17). Since Chase cannot fall under the plain language of the definition of "creditor" under TILA and since Plaintiff admits in the FAC that Chase

---

[1] Capitalized terms are used as defined in the Motion unless otherwise indicated.

was not the originating lender, Plaintiff cannot state a cause of action under section 1640(a) for monetary damages against Chase. *See Brodo v. Bankers Trust Co.*, 647 F. Supp. 353, 359 (E.D.Pa. 1994) (holding plaintiff cannot recover damages or fees from assignees); *see also Russell v. Mortgage Solutions Mgmt., Inc.*, 2010 U.S. Dist. LEXIS 107606 at * 9 (D. Or. Apr. 6, 2010); *Bushong v. Paramount Equity Mortg., Inc.*, 2010 U.S. Dist. LEXIS 107614 at *7-8 (D. Or. May 24, 2010). Thus, Plaintiff's TILA claim under section 1640 for monetary damages against Chase fails.

In the Opposition, Plaintiff completely ignores this plain statutory language related to a claim for ***monetary*** damages under section 1640 – which is the only relief sought in the first cause of action. *See* FAC, ¶¶ 24-27.[2] Instead, Plaintiff argues that he can assert a claim for ***rescission*** under section 1641, and as an assignee of the loan, Plaintiff has stated a valid claim for rescission under TILA against Chase. *See* Opp'n at 3:22-5:6. Plaintiff's argument misses the mark.

First, it is undisputed that Plaintiff has paid off the loan in full. *See* FAC, ¶ 23. Therefore, relief under section 1641 is inapplicable, as there is no longer a loan to "rescind," thus Plaintiff's only relief is monetary damages (as against the originating lender pursuant to section 1640).

Second, Plaintiff's attempt to assert a claim against Chase under section 1641(a) as an "assignee" of Network Capital (which has not and cannot be pled because there is no loan to rescind), also would fail. As argued in the Motion, An action for violation of section 1641(a) may be brought against an ***assignee*** of a creditor "***only*** if the violation for which such an action is brought is apparent on the face of the disclosure statement . . . ." 15 U.S.C. § 1641(a) (emphasis added). Section 1641(a) further provides that a violation apparent on the face of the disclosure includes a disclosure which can be determined to be "incomplete or inaccurate" from the face of the disclosure statement. *Id.* Here, in the FAC, Plaintiff has not alleged

PARKER IBRAHIM & BERG LLC
COSTA MESA

___

[2] In fact, there is no reference to section 1641 of TILA anywhere in the FAC.

Network Capital provided incomplete or inaccurate disclosures. In fact, Plaintiff has admitted that Network Capital "properly provided" Plaintiff with the required disclosures. FAC, ¶19. Since Plaintiff has not contested or challenged the disclosures provided by Network Capital, Plaintiff obviously cannot have alleged that Chase had any notice of any disclosure violations by Network Capital as required by section 1641(a). Indeed, as discussed in the Motion, the entire basis of Plaintiff's TILA claim is that Network Capital failed to honor Plaintiff's request to cancel the transaction and rescind the Loan; not that the notice provided by Network Capital was "incomplete or inaccurate." It would be improper to now permit Plaintiff to assert a claim under section 1641(a) as Plaintiff cannot now assert allegations that directly contradict allegation made in a prior complaint. *See Airs Aromactics, LLC v. Op. Victoria's Secret Stores Brand Mgmt., Inc.* 744 F.3d 595, 600 (9th Cir. 2014) ("A party cannot amend pleadings to 'directly contradict and earlier assertion made in the same proceeding.'") (*quoting Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). Thus, the first cause of action for monetary damages under section 1640 must be dismissed without leave to amend.

## II.    PLAINTIFF'S CLAIM FOR MONETARY DAMAGES IS TIME BARRED AND FRCP 15(C) MAY NOT BE USED TO EXTEND FEDERAL JURISDICTION

As discussed in the Motion, TILA provides two civil remedies for disclosure violations: (1) rescission, 15 U.S.C. § 1635; and (2) monetary damages, 15 U.S.C. § 1640. *Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F. Supp. 2d 1034, 1038 (C.D. Cal. 2008). Here, as discussed above, in the first cause of action, Plaintiff is only seeking monetary damages. *See* FAC, ¶¶ 24-27. The statute of limitations for monetary damages under TILA is one year from the alleged violation. 15 U.S.C. § 1640(e). This one-year limitations period runs from "the date of consummation of the transaction," *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986), which under TILA is defined as "the time a consumer becomes contractually obligated on a credit

4

transaction," *Grimes v. New Century Mortg. Corp.*, 340 F.3d 1007, 1009 (9th Cir. 2003). Here, Plaintiff became obligated when he took out the Loan from Network Capital $202,500 on August 26, 2022. Plaintiff filed the FAC in which he now seeks monetary damages on November 25, 2024, more than a year from "consummation" of Plaintiff's Loan. Thus, the first cause of action in the FAC for monetary damages under TILA is also time barred as to Chase.

In the Opposition, in an attempt to avoid dismissal of this cause of action as time barred, Plaintiff argues that the filing of the FAC in which he now seeks monetary damages, relates back to the filing of the Original Complaint in August 2022. *See* Opp'n at 5:18-6:1. Specifically, Plaintiff argues that under the Ninth Circuit's notice based analysis of the relation back doctrine reflected in FRCP 15(c)(1)(B), the filing of the FAC relates back to the date of the filing or the Original Complaint. *Id.* Plaintiff's argument is without merit. First, there is zero evidence in the record that Chase had notice of the filing of the Original Complaint. In fact, Plaintiff has failed to present any evidence showing that the Original Complaint was ever served on any defendant, including Chase. Second, the Ninth Circuit has concluded that FRCP 15(c) cannot be used to extend federal jurisdiction. *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002). In *Miguel*, the Ninth Circuit, in analyzing a relation back argument in context of a claim under TILA (section 1635(f)), concluded that FRCP 15(c) was inapplicable since it would affect the jurisdiction of the federal court. *Id.* Here, applying FRCP 15(c) to preserve this otherwise untimely claim for monetary damages under TILA should not be permitted.

## III. PLAINTIFF'S UCL CLAIM FAILS AS A MATTER OF LAW

As argued in the Motion, nowhere in the FAC does Plaintiff allege any loss of money ***caused by Chase's*** conduct. *See, e.g.*, *Burton v. Nationstar Mortg. LLC* (E.D. Cal. 2013) 2013 U.S. Dist. LEXIS 75467, *54-55 ("The complaint lacks facts of [plaintiff's] money or property allegedly lost in that he was obligated to pay his loan and faced foreclosure if he failed to meet his obligations. Nationstar's servicing of

PARKER IBRAHIM & BERG LLC
COSTA MESA

[plaintiff's] loan and pursuit of loan modification did not relieve [him] of his obligations."). To the contrary, here Plaintiff admits that Network Capital, and not Chase originated the Loan and then allegedly refused to honor his request to cancel the transaction. *See* FAC, ¶¶ 8-10. Most importantly, Plaintiff failed to address this argument in his Opposition, thus he has effectively conceded on this point. *See Cody v. Ring LLC*, 718 F.Supp.3d 993, 1003 n.4 (N.D. Cal. 2024). Thus, the second cause of action should be dismissed as to Chase.

In the Opposition, Plaintiff instead attempts to argue that he has properly asserted a claim under the UCL by claiming that any "loss was incurred as a direct consequence of ***Defendants***' refusal to honor rescission . . . ." Opp'n at 7:15-16 (emphasis added). However, this argument ignores the fact that there are no allegations in either the Original Complaint or the FAC that Plaintiff ever informed Chase that he provided notice to Network Capital that he had rescinded the loan. Indeed, despite already having filed two complaints concerning this matter, Plaintiff has never once alleged he ever made Chase aware of the rescission. The lack of this critical allegation is telling, and a fatal flaw in Plaintiff's attempt to assert a UCL claim against Chase.

## IV. CONCLUSION

Wherefore, Chase respectfully requests that this Court grant Chase's Motion and dismiss the FAC with prejudice as to Chase.

DATED: March 24, 2026

PARKER IBRAHIM & BERG LLP

By: /s/ Bryant S. Delgadillo
BRYANT S. DELGADILLO
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

PARKER IBRAHIM & BERG LLC
COSTA MESA

*John Heinnickel, Jr. v. Network Capital Funding Corporation, et al.*

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My address is 3070 Bristol Street, Suite 660, Costa Mesa, CA 92626.

On March 24, 2026, I served the foregoing document **REPLY IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)** on the interested parties in this action.

☒  by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

☐  **BY REGULAR MAIL:** I deposited the sealed envelope with the United States Postal Service with the Postage fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit. **BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED**

☐  **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐  **BY OVERNIGHT MAIL:** With the envelope deposited with FedEx and delivery fees thereon fully prepaid.

☒  **BY ELECTRONIC MAIL:** I served the foregoing document by electronic mail to the email address(es) listed on the service list.

☐  **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒  (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on March 24, 2026, at Costa Mesa, California.

*/s/ Rhonda K. Viers*
Rhonda K. Viers

5459320.1

**SERVICE LIST**

*John Heinnickel, Jr. v. Network Capital Funding Corporation, et al.*

Timothy A. Pupach, Esq.                         T: 408.971.9445
Law Offices of Timothy A. Pupach              E: tim@pupachlaw.com
3150 Almaden Expressway, Suite 204
San Jose, CA 95118


Allison Cecchini Erggelet, Esq.                 T: 510.681.0955
Elizabeth L. Hurwitz, Esq.                        E: ace@acecalifornialaw.com
ACE CALIFORNIA LAW PC                              yolanda@acecalifornialaw.com
125 W Richmond Ave., Suite C
Point Richmond, CA 94801

5459320.1