UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN HEINNICKEL, JR.,

Plaintiff,

v.

NETWORK CAPITAL FUNDING
CORPORATION, et al.,

Defendants.

Case No.  5:25-cv-00174-PCP

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 7

Plaintiff John Heinnickel brings this action against Network Capital Funding Corporation, JP Morgan Chase Bank, and Does 1 through 20 (together, "defendants") for alleged violations of the Truth in Lending Act ("TILA") and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). Chase now moves to dismiss the claims against it. For the following reasons, the Court grants the motion.

**BACKGROUND**

Heinnickel is the individual owner of real property located at 293 Monroe St, Santa Clara, California, 95050.[1] He refinanced the property with a loan from Network Capital. Under the loan terms, the borrower had until midnight on the third business day after signing to cancel the contract. The contract was signed on or about January 17, 2022, and Heinnickel canceled the contract on January 20, 2022, at 2:45 P.M via telegram. "Out of an abundance of caution," he sent a second telegram canceling the transaction at 11:22 P.M. on the same day. Despite receipt of the cancellation, Network Capital funded the loan on January 24, 2022, and repayment of the loan was secured by a deed of trust recorded with Santa Clara County. Chase purchased the loan from

---

[1] For the purposes of defendant's Rule 12(b)(6) motion, the Court assumes the truth of the facts alleged in plaintiff's amended complaint.

Network Capital on or about January 31, 2022. Nearly three months later, on or about March 17, 2022, Chase sold the loan to Freddie Mac but remained as the servicer. On or about July 5, 2022, Chase repurchased the loan from Freddie Mac and became the servicer and owner of the loan.

On September 15, 2022, Chase recorded and served a Notice of Default with the Santa Clara County Recorder's Office and began to foreclose on Heinnickel's property. On January 6, 2023, Heinnickel paid off the loan in full to avoid foreclosure on his home. The total amount included principal of $202,500 and interest, escrow deposit, late fees, and corporate advance fees of $13,265. At no point did Heinnickel inform Chase of the disputed status of the loan. Nor does he allege that Chase would have known about the status from any other channel.

Heinnickel, represented by attorney Timothy A. Pupach, filed a complaint in state court on August 26, 2022.[2] He sought an order declaring the original loan rescinded and cancelled, an order cancelling the original deed of trust, the return of costs of the loan, interest on the sum of the loan, attorney fees, and punitive damages. On November 25, 2024, Heinnickel, through Pupach, filed a first amended complaint.

Defendants removed the case to this Court on January 6, 2025. On January 13, 2025, Chase filed a motion to dismiss. Heinnickel did not file an opposition or response. On February 5, 2025, the Court ordered Heinnickel to show cause as to why his case should not be dismissed for failure to prosecute. Receiving no response, the Court dismissed the case without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) and entered judgment on March 14, 2025. Heinnickel, represented by new counsel, thereafter filed an unopposed motion for relief from judgment under Rules 60(b)(1) and 60(b)(6) on November 26, 2025. The Court granted his motion. The Court now considers Chase's original January 2025 motion to dismiss.

## ANALYSIS

Chase moves to dismiss under Rule 12(b)(6). Because Network Capital, not Chase, is the party potentially responsible for the alleged conduct at issue here, the Court grants Chase's

---

[2] The Court takes judicial notice of Heinnickel's original complaint filed in state court. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

United States District Court
Northern District of California

motion.

## I.    TILA

For any consumer credit transaction where the lender acquires a security interest in the obligor's principal dwelling, "the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction." 15 U.S.C. § 1635(a). "In any action in which it is determined that a creditor has violated [Section 1635], in addition to recission the court may award relief under section 1640." 15 U.S.C. § 1635(g). The statute defines a creditor as "a person who both (1) regularly extends … consumer credit … and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness." 15 U.S.C.A. § 1602. Regulation Z emphasizes that a creditor must be someone to whom the obligation was initially payable. 12 C.F.R. § 226.2(a)(17).

Chase is not a creditor as defined by TILA because it was not the originating lender. Network Capital was the originating lender, and only Network Capital is liable under TILA's express language. *See, e.g.*, *Vissuet v. Indymac Mortg. Servs.*, No. 09-CV-2321-IEG (CAB), 2010 WL 2612153, at *3 (S.D. Cal. June 29, 2010) ("Plaintiff's claim fails because [defendant] was not involved in the origination of Plaintiff's loan."); *Vincent v. The Money Store*, 736 F.3d 88, 106 (2d Cir. 2013) (holding that although all notes were eventually assigned to The Money Store, because "the initial lenders on the loans were entities other than The Money Store," The Money Store was not a creditor under TILA); *Roach v. Option One Mortg. Corp.*, 598 F. Supp. 2d 741, 750 (E.D. Va.), *aff'd,* 332 F. App'x 113 (4th Cir. 2009) ("[B]ecause neither H&R Block, nor Deutsche Bank, were the party to which the debt was initially payable, neither is a 'creditor' pursuant to § 1602(f)."); *cf. Henson v. Bank of Am.*, 935 F. Supp. 2d 1128, 1147 (D. Colo. 2013) ("[B]ecause Bank of America did not originate the loan [it] cannot be held liable as an assignee."). While assignees may be liable for certain violations "apparent on the face of the disclosure statement," 15 U.S.C.A. § 1641(a), there are no allegations to suggest that this case involves such facially evident violations. *See Jorque v. Am. Brokers Conduit*, No. C 12-00005 RS, 2012 WL 12920505, at *3 (N.D. Cal. July 19, 2012) ("Although the Ninth Circuit has not yet interpreted the breadth of [assignee] liability, the Seventh, Fifth, and Eleventh Circuits agree that it should be extended only

3

to violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents.") (citation omitted).

Heinnickel argues that Congress preserved his right to pursue claims against Chase by providing that "[a]ny consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation." 15 U.S.C. § 1641(c). Because the loan has already been paid back in full, however, there is nothing for the Court to rescind. *Cf. Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (holding that once plaintiffs sold their home and paid off an outstanding loan, TILA's rescission provision no longer applied and only damages remained available as a cause of action); *King v. California*, 784 F.2d 910, 913 (9th Cir.1986) (finding that a refinanced loan "cannot be rescinded, because there is nothing to rescind"). While Heinnickle might have been able to pursue a claim for rescission against Chase under Section 1641(c) prior to the loan's repayment, that remedy is no longer available to him.

Because Heinnickle's complaint does not plead a basis for holding Chase liable in damages under TILA and because rescission is no longer available as a remedy, the Court grants Chase's motion to dismiss.

## II.     UCL Claim

To have standing under the UCL, a plaintiff must establish (1) economic injury and (2) that the economic injury was caused by the unfair business practice that is the gravamen of the claim. *In re Turner*, 859 F.3d 1145, 1151 (9th Cir. 2017) (citing *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885 (Cal. 2011)). Heinneckel's complaint does not allege that Chase harmed plaintiff. Instead, according to Heinnickle, it was Network Capital that refused to cancel the transaction. Plaintiff never even alleges that he informed Chase of the failed recession or that Chase would otherwise have been aware of the disputed nature of the loan. Without more, the Court cannot find that any injury Heinnickle suffered was caused by Chase.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Chase's motion to dismiss. Dismissal is with leave to amend. Any amended complaint must be filed within 35 days of the date of this

4

Order. If no amended complaint is filed, plaintiff's claims against Chase will be dismissed with prejudice. Plaintiff's claims against the remaining defendants may proceed.

**IT IS SO ORDERED.**

Dated: July 24, 2026

_____
P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

5