ALLISON CECCHINI ERGGELET (SBN 340533)
RAMONA H. ATANACIO (SBN 267716)
**ACE CALIFORNIA LAW PC**
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Phone: 510-681-0955
Email: ace@acecalifornialaw.com
ramona@acecalifornialaw.com

Attorneys for Plaintiff John Heinnickel, Jr.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HEINNICKEL, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>NETWORK CAPITAL FUNDING CORPORATION, a Nevada Corporation; and DOES 1-20, Inclusive,<br><br>Defendants. | Case No.: 5:25-cv-00174-PCP<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1. Violation of the Truth in Lending Act - Damages for Failure to Honor Timely Rescission; and<br><br>2. Violation of California Business and Professions Code Sections 17200 et seq. |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Plaintiff John Heinnickel, Jr. ("Plaintiff") alleges as follows:

**PARTIES**

1. At all relevant times, Plaintiff JOHN HEINNICKEL, JR. was and is an individual and the owner of the real property located at 293 Monroe Street, Santa Clara, California 95050 (the "Property"), more particularly described as follows:

> Lot 146, as shown on that certain Map of Tract No. 1203, which Map was filed for record in the office of the recorder of the County of Santa Clara, State of California, in Book 44 of Maps, pages 42 and 43. APN: 205-14-001

2. Defendant NETWORK CAPITAL FUNDING CORPORATION, a Nevada corporation ("Network Capital"), located at 7700 Irvine Center Drive, Suite 300, Irvine, California 92618, is in the business of lending money to borrowers secured by residential real property in California. Network Capital was the originating lender on the loan at issue in this action.

3. Plaintiff does not know the true names and capacities of the defendants sued herein as DOES 1 through 20 ("Doe Defendants"), inclusive, and therefore sues those defendants by fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each Doe Defendant is legally responsible in some manner for the acts and omissions alleged herein. Plaintiff will amend this Complaint to allege the true names and capacities of the Doe Defendants when ascertained.

4. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times each Doe Defendant acted as an agent, employee, representative, or other person or entity legally responsible for the conduct alleged herein, and acted within the course and scope of such relationship.

**JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. The Court has supplemental jurisdiction over Plaintiff's related claim under California Business and Professions Code section 17200 et seq. pursuant to 28 U.S.C. § 1367. Venue is proper in this District because the Property

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

is located in Santa Clara County, the loan transaction occurred in Santa Clara County, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

6. On or about January 17, 2022, in Santa Clara, California, Plaintiff signed documents to refinance the Property. Network Capital was the originating lender. A true and correct copy of the Deed of Trust recorded on January 25, 2022 as Document No. 25225381 in the Official Records of Santa Clara County is attached as **Exhibit "A"** and incorporated herein by reference.

7. The principal terms and charges of the loan included the following:

Loan Number: 02211100146563

Escrow Number: UNLS464522

Loan amount: $202,500.00

Term: 180 months at an interest rate of 2.375%

Monthly principal and interest payment: approximately $1,338.00

Total monthly payment with impounds for taxes and insurance: approximately $1,912.77

Origination points paid to Network Capital: $3,981.33

Settlement fee: $395.00

Lender's title insurance: $300.00

Signing fee: $150.00

Recording service fee: $90.00

Recording fees: $275.00

Homeowners insurance premium: $263.31

Property-tax impound: $3,130.40

Appraisal fee: $720.00

Per diem interest: $146.95

Hazard insurance: $526.70

8. The loan documents included a Notice of Right to Cancel informing Plaintiff that he could cancel the transaction by midnight of the third business day after consummation. A true and correct copy of the Notice of Right to Cancel is attached as **Exhibit "B"** and incorporated herein by reference.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

9. Plaintiff exercised that right on January 20, 2022. At approximately 2:54 p.m. Pacific Time, Plaintiff sent a telegram providing notice of cancellation, with tracking number 941734. A true and correct copy of the confirmation is attached as **Exhibit "C".** Out of an abundance of caution, Plaintiff sent a second telegram later that evening through International Telegram Company. A true and correct copy of the confirmation for First-Class Telegram Order No. 22551852 is attached as **Exhibit "D".** Both notices were sent before expiration of the three-business-day cancellation period.

10. Despite Plaintiff's timely notices of cancellation, Network Capital proceeded to fund the loan on January 24, 2022.

11. The $202,500 loan was thereafter secured by a deed of trust recorded on January 25, 2022 as Document No. 25225381 in the Official Records of Santa Clara County.

12. Plaintiff communicated with Network Capital regarding his timely cancellation. Network Capital nevertheless refused to treat the transaction as cancelled and asserted that it did not receive the cancellation until after the loan had been funded.

13. After Network Capital funded the transaction notwithstanding Plaintiff's cancellation, the loan was transferred and serviced by third parties. Plaintiff does not seek to impose liability in this Second Amended Complaint on those subsequent owners or servicers for the origination conduct alleged against Network Capital.

14. On or about September 15, 2022, a subsequent servicer recorded and served a Notice of Default concerning the loan. A true and correct copy of the Notice of Default is attached as **Exhibit "E"** and incorporated herein by reference.

15. On or about December 13, 2022, a Notice of Trustee's Sale was recorded, setting a foreclosure sale for January 18, 2023. A true and correct copy of the Notice of Trustee's Sale is attached as **Exhibit "F"** and incorporated herein by reference.

16. On January 6, 2023, Plaintiff paid approximately $215,765.00 to pay off the loan and avoid foreclosure of the Property. The payoff included the $202,500 principal balance and approximately $13,265.00 in additional interest, escrow amounts, late fees, corporate advances, and related charges.

17. Plaintiff alleges that the foregoing monetary losses resulted from Network Capital's initial decision to fund and continue a transaction that Plaintiff had timely cancelled.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

18. Plaintiff further alleges that he paid transaction charges and costs in connection with the loan, including origination points, title and settlement charges, recording fees, appraisal charges, per diem interest, insurance-related amounts, and other finance charges, in amounts to be established according to proof.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE TRUTH IN LENDING ACT –**

**DAMAGES FOR FAILURE TO HONOR TIMELY RESCISSION**

**(15 U.S.C. §§ 1635 and 1640) - Against Network Capital Funding Corporation**

19. Plaintiff incorporates and re-alleges paragraphs 1 through 18 as though fully set forth herein.

20. TILA provides a borrower in a qualifying consumer credit transaction secured by the borrower's principal dwelling the right to rescind the transaction until midnight of the third business day following consummation. 15 U.S.C. § 1635(a).

21. Network Capital was the originating lender and the creditor to whom Plaintiff's debt was initially payable.

22. Plaintiff timely exercised his right to cancel the transaction on January 20, 2022 by transmitting written notices of cancellation before expiration of the applicable three-business-day period.

23. Network Capital failed to honor Plaintiff's timely cancellation and instead funded the loan and caused the security instrument to be recorded.

24. The loan was later paid in full. Plaintiff therefore does not seek rescission of an already-repaid loan in this Second Amended Complaint. Plaintiff instead seeks damages and other monetary relief available under TILA, including 15 U.S.C. §§ 1635(g) and 1640, for Network Capital's alleged failure to honor Plaintiff's timely exercise of his cancellation rights.

25. As a direct and proximate result of Network Capital's conduct, Plaintiff alleges that he sustained actual monetary damages, including transaction charges and finance charges paid in connection with the loan and additional amounts incurred in connection with the loan and its payoff, including approximately $13,265.00 in interest, escrow amounts, late fees, corporate advances, and related charges, to the extent established by proof.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

26. Plaintiff further seeks statutory damages, reasonable attorneys' fees, and costs to the extent authorized by 15 U.S.C. § 1640.

**SECOND CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(California Business and Professions Code § 17200 et seq.) - Against Network Capital Funding Corporation**

27. Plaintiff incorporates and re-alleges paragraphs 1 through 26 as though fully set forth herein.

28. California Business and Professions Code section 17200 prohibits unlawful and unfair business acts and practices.

29. Plaintiff alleges that Network Capital engaged in unlawful and unfair business practices by failing to honor Plaintiff's timely exercise of his cancellation rights and by funding and recording the loan transaction notwithstanding Plaintiff's timely notices of cancellation. Plaintiff alleges that the same conduct violated TILA and constitutes the predicate unlawful conduct for his claim under section 17200.

30. Plaintiff suffered economic injury and lost money or property as a result of the challenged conduct, including transaction charges, finance charges, and other amounts he alleges would not have been incurred had Network Capital honored the timely cancellation.

31. Plaintiff alleges that Network Capital's conduct was a substantial factor in causing these losses because the transaction would not have proceeded to funding and recording had Network Capital honored Plaintiff's timely cancellation.

32. Plaintiff seeks restitution of money or property obtained by Network Capital as a result of the challenged conduct, including origination points and other sums paid to or retained by Network Capital, to the extent recoverable under California Business and Professions Code section 17203 and according to proof.

///

///

///

///

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant Network Capital Funding Corporation as follows:

1. For actual and statutory damages available under the Truth in Lending Act, including 15 U.S.C. §§ 1635 and 1640, according to proof;

2. For restitution of money or property obtained by Network Capital as a result of the alleged unlawful or unfair business practices, to the extent recoverable under California Business and Professions Code section 17200 et seq.;

3. For recovery of finance charges, fees, interest, and other monetary losses shown to have resulted from Network Capital's failure to honor Plaintiff's timely notice of cancellation, according to proof;

4. For prejudgment interest as permitted by law;

5. For reasonable attorneys' fees and costs to the extent authorized by applicable law; and

6. For such other and further relief as the Court deems just and proper.

Dated: October 15, 2026 **ACE CALIFORNIA LAW PC**

Allison Cecchini Erggelet
Ramona H. Atanacio
Attorneys for Plaintiff John Heinnickel, Jr.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

**PROOF OF SERVICE**

| | |
|---|---|
| Re: | Heinnickle v. Network Capital Funding Corp., et al. |
| Court: | Northern District of California Case No.:5:25-cv-00174-PCP |
| Represents: | John Heinnickel |

I declare that I am over the age of 18, not a party to the above-entitled action; I am an employee of ACE California Law PC whose business address is 125 W Richmond Ave., Suite C, Point Richmond, CA 94801.

On **October 15, 2026**, I served the following document(s) in the following manner(s):

**SECOND AMENDED COMPLAINT**

☐ **MAIL:** By placing the document(s) listed below in a sealed envelope with postage thereon, in the United States mail at Oakland, California, addressed as set forth below.

☐ **ELECTRONIC MAIL:** by causing the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **ELECTRONIC SERVICE:** Via Pacer service

**See Pacer email/notice**

| | |
|---|---|
| Mr. Bryant Delgadillo<br>PIB Law<br>3070 Bristol Street<br>Costa Mesa, CA 92626<br>Telephone: 714-361-9622<br>Email: bryant.delgadillo@piblaw.com<br>Attorney for JPMorgan Chase Bank, N.A. | Benjamin Lloyd Price<br>BREMER WHYTE BROWN & O'MEARA<br>20320 SW Birch St Fl 2<br>Newport Beach, CA 92660<br>Telephone: 949-221-1000<br>Email: bprice@bremerwhyte.com<br>Attorneys for Network Capital Funding Corporation |

☒ I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

DATED: October 15, 2026

Maria Yolanda Lepe