# EXHIBIT E

**This document was electronically submitted to Santa Clara County for recording**

**25373059**

**Regina Alcomendras**
Santa Clara County - Clerk-Recorder
09/15/2022 02:10 PM

Titles: 1 Pages: 5
Fees: $114.00
Tax: $0
Total: $114.00

Recording requested by:
FIN Title

APN No.: **269-47-154**
Recording requested by:
Quality Loan Service Corp

When recorded mail to:
Quality Loan Service Corporation
2763 Camino Del Rio South
San Diego, CA 92108

Space above this line for Recorder's use

TS No.: **CA-22-942061-CL**
Order No.: **FIN-22009148**
Property Address: **293 MONROE ST, SANTA CLARA, CA 95050**

# IMPORTANT NOTICE
# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED TO THE COPY PROVIDED TO THE MORTGAGOR OR TRUSTOR (Pursuant to Cal. Civ. Code § 2923.3)**

**注：本文件包含一个信息摘要**

**참고사항: 본 첨부 문서에 정보 요약서가 있습니다**

**NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO**

**TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP**

**LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY**

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this Notice of Default may be recorded (which date of recordation appears on this notice). This amount is $13,996.27 as of 9/14/2022 and will increase until your account becomes current.**

**While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of**

TS No.: **CA-22-942061-CL**

**reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.**

**Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three-months after this Notice of Default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).**

**Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.**

**To find out the amount you must pay, or arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:**

**JPMorgan Chase Bank, National Association**
**C/O Quality Loan Service Corporation**
**2763 Camino Del Rio S**
**San Diego, CA 92108**
**619-645-7711**

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

**Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

**NOTICE IS HEREBY GIVEN: That the undersigned is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 1/17/2022, executed by John C. Heinnickel, a single man, as Trustor, to secure certain obligations in favor of Mortgage Electronic Registration Systems, Inc., as beneficiary, as nominee for Network Capital Funding Corporation, NMLS#11712, its successors and assigns, as beneficiary, recorded 1/25/2022, as Instrument No. 25225381, of Official Records in the Office of the Recorder of SANTA CLARA County, California describing land therein: as more fully described in said Deed of Trust.**

**Said obligations including 1 NOTE(S) FOR THE ORIGINAL sum of $202,500.00, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:**

**The installments of principal and interest which became due on 3/1/2022, and all subsequent installments of principal and interest through the date of this**

TS No.: **CA-22-942061-CL**

**Notice, plus amounts that are due for late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustee's fees, and any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security, all of which must be paid as a condition of reinstatement, including all sums that shall accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents.**

**That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.**

**Pursuant to the attached Declaration, the mortgage servicer declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code § 2923.55 or § 2923.5, or is otherwise exempt from the requirements of § 2923.55 and §2923.5.**

**If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only.**

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Dated:** 9|14|2022 **Quality Loan Service Corp., Trustee**

MBrodowicz

**By: Michelle Brodowicz, Assistant Secretary**

# DECLARATION OF MORTGAGE SERVICER PURSUANT TO CIVIL CODE § 2923.55(c) and § 3273.10

**Borrower(s):** JOHN C HEINNICKEL

**Property Address:** 293 MONROE ST
SANTA CLARA CA 95050

**Loan Number:** XXXXXX [redacted]

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ☐ The mortgage servicer has contacted the borrower pursuant to California Civil Code § 2923.55(b) (2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since the contact was made.

2. ☑ The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) but was unable to contact the borrower to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual did not meet the definition of a "borrower" pursuant to subdivision (c) of Section 2920.5.

4. ☐ No contact was made with the borrower pursuant to California Civil Code § 2923.55 because the above referenced loan is not secured by a first lien mortgage or deed of trust that secures a loan, or that encumbers real property, described in California Civil Code § 2924.15.

Additionally, pursuant to California Civil Code § 3273.10:

1. ☐ As of the date of this declaration, the loan was in default with a due date prior to 2/1/2020.
2. ☑ The mortgage servicer did not deny the borrower's forbearance request made between 8/31/2020 and 12/1/2021.
3. ☐ The mortgage servicer denied the borrower's forbearance request made between 8/31/2020 and 12/1/2021, and a forbearance was not subsequently provided. A copy of the denial notice is attached.
4. ☐ The mortgage servicer denied the borrower's forbearance request made between 8/31/2020 and 12/1/2021, however, a forbearance was subsequently provided. A copy of the initial denial notice is attached.
5. ☐ The requirements of California Civil Code § 3273.10 do not apply because the mortgage or deed of trust is not secured by residential property containing four dwelling units or less.

6. ☐ The requirements of California Civil Code § 3273.10 do not apply because the mortgage or deed of trust was not outstanding as of 8/31/2020.

7. ☐ The mortgage servicer is in compliance with California Civil Code § 3273.10 because the mortgage servicer has complied with the relevant provisions regarding forbearance in Section 4022 of the federal Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) (Public Law 116-136), including any amendments or revisions to those provisions, pursuant to California Civil Code § 3273.10(d).

I certify and represent that this mortgage servicer's declaration is accurate, complete and based upon competent and reliable evidence, including my review of the mortgage servicer's business records.

Mortgage Servicer: **JPMorgan Chase Bank, National Association**

Date: 08.08.2022

By: Theresa Grant

City/State: Jacksonville, FL

Print name: Theresa Grant
Title: Authorized Signer