~~Timothy A. Pupach, Esq. SBN 214044~~
~~Law Offices of Timothy A. Pupach~~
~~3150 Almaden Expressway, Suite 204~~
~~San Jose, CA 95118~~
~~Tel: 408-971-9445~~
~~Fax: 408-971-9444~~
~~Email: tim@pupachlaw.com~~
~~Attorney for Plaintiff, JOHN HEINNICKEL, JR.~~
ALLISON CECCHINI ERGGELET (SBN 340533)
RAMONA H. ATANACIO (SBN 267716)
ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801

Phone: 510-681-0955
Email: ace@acecalifornialaw.com
ramona@acecalifornialaw.com

Attorneys for Plaintiff John Heinnickel, Jr.

~~SUPERIOR COURT OF THE STATE OF CALIFORNIA~~ IN THE UNITED STATES DISTRICT COURT

~~FOR~~NORTHERN ~~THE COUNTY~~DISTRICT OF ~~SANTA CLARA~~CALIFORNIA

| | |
|---|---|
| JOHN HEINNICKEL, JR.,<br>Plaintiff,<br>vs.<br>NETWORK CAPITAL FUNDING CORPORATION, a Nevada Corporation; ~~JPMORGAN CHASE BANK, a National Association;~~ and DOES ~~1 through 20~~1-20, ~~inclusive~~Inclusive,<br>~~DEFENDANTS~~Defendants. | Case No.: ~~22CV403725~~5:25-cv-00174-PCP<br><br>~~FIRST~~SECOND AMENDED COMPLAINT FOR:<br><br>~~(1)~~. ~~DAMAGES~~Violation ~~FOR~~of ~~FAILURE~~the ~~TO~~Truth ~~CANCEL~~in ~~AND~~Lending ~~RESCIND~~Act ~~INSTRUMENT~~ - Damages for Failure to Honor Timely Rescission; ~~AND~~and<br><br>~~(2)~~. ~~VIOLATION~~Violation ~~OF~~of ~~CALIFORNIA~~California ~~BUSINESS~~Business ~~AND~~and ~~PROFESSIONS~~Professions ~~CODE~~Code ~~SECTIONS~~Sections 17200 ~~ET~~et ~~SEQ~~seq. |

**REDLINE LEGEND: Deletions are shown in red strikethrough; additions are shown in blue underline.**

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**Plaintiff ~~hereby~~John Heinnickel, Jr. ("Plaintiff") alleges as follows:**

## PARTIES

1. At all relevant times, Plaintiff JOHN HEINNICKEL, JR. was and is an individual and the owner of the real property located at 293 Monroe ~~St~~Street, Santa Clara, California 95050 (~~Hereinafter~~the "Property"),~~ "Property") and~~ more particularly described as follows:

Lot 146, as shown on that certain Map of Tract No. 1203, which Map was filed for record in the office of the recorder of the County of Santa Clara, State of California, in Book 44 of Maps, ~~page(s)~~pages 42 and 43.

APN: 205-14-001

2. Defendant NETWORK CAPITAL FUNDING CORPORATION, a Nevada ~~Corporation~~corporation (~~Hereinafter~~"Network Capital"),~~ "NETWORK CAPITAL")~~ located at 7700 Irvine Center Drive, ~~#300~~Suite 300, Irvine, California 92618, is in the business of lending money to borrowers ~~for~~secured by residential real property~~ from 1 to for 4 units~~ in California. ~~NETWORK~~Network ~~CAPITAL~~Capital was the originating lender on the loan at ~~the~~issue ~~time~~in ~~of~~this ~~the subject loan on January 17, 2022~~action.

~~3. Defendant JPMORGAN CHASE BANK, A National Association, (Hereinafter, "CHASE") located at 1111 Polaris Parkway, Columbus, OH 43240 is in the business of lending money to borrowers for residential property from 1 to for 4 units in California. CHASE purchased the subject loan from defendant, NETWORK CAPITAL and began servicing the loan on January 31, 2022.~~

~~4~~3. Plaintiff does not know the true names and capacities of the defendants sued herein as DOES 1 through 20 (~~"DOE~~"Doe Defendants~~"~~"), inclusive, and therefore sues ~~said~~those ~~DOE Defendants~~defendants by fictitious names. ~~Plaintiffs~~Plaintiff ~~are~~is informed and ~~believe~~believes, and ~~based~~ on ~~such~~that ~~information~~basis ~~and belief allege~~alleges, that each ~~of~~Doe ~~the DOE Defendants~~Defendant is~~ contractually, strictly, negligently, intentionally, vicariously liable and or otherwise~~ legally responsible in some manner for the acts and omissions ~~described~~alleged herein. Plaintiff will amend this Complaint to ~~set forth~~allege the true names and capacities of ~~each~~the ~~DOE~~Doe ~~Defendant~~Defendants when ~~same are~~ ascertained.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

5. Plaintiff is informed and believe and based on such information and belief allege that Defendants and each of them, are and at all material times have been, the agents, servants or employees of each other, purporting to act within the scope of said agency, service or employment in performing the acts and omitting to act as alleged herein. 4. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times each Doe Defendant acted as an agent, employee, representative, or other person or entity legally responsible for the conduct alleged herein, and acted within the course and scope of such relationship.

6. Each of the Defendants named herein are believed to and are alleged to have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

JURISDICTION AND VENUE

7. Jurisdiction and venue are properly in the County of Santa Clara, California as the property is located there, the contract was entered into there and the Defendants were doing business in the County of Santa Clara, California. 5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. The Court has supplemental jurisdiction over Plaintiff's related claim under California Business and Professions Code section 17200 et seq. pursuant to 28 U.S.C. § 1367. Venue is proper in this District because the Property is located in Santa Clara County, the loan transaction occurred in Santa Clara County, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

I. INTRODUCTION TO FACTS FACTUAL ALLEGATIONS

86. On or about January 17, 2022, in the city of Santa Clara, County of Santa Clara, California, plaintiffPlaintiff signed loan documents for ato refinance ofthe Property. Network Capital was the property wherein Plaintiff was borrower and defendant NETWORK CAPITAL wasoriginating lender. A true and correct copy of the Deed of Trust recorded on January 25,

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

2022 as Document No. 25225381 in the Official Records of Santa Clara County ~~records~~ is attached as Exhibit "A" and incorporated ~~in~~herein ~~Exhibit~~by ~~“A”~~reference.

~~9~~7. The ~~major~~principal terms and charges of the loan ~~were~~included ~~as~~the ~~follows~~following:

~~LOAN~~Loan ~~NUMBER~~Number: 02211100146563

Escrow Number: UNLS464522

Loan amount: $202,500~~;~~.00

Term: 180 months ~~term~~at ~~at~~an interest rate of 2.~~375~~375%

~~$1338 payment per month with principal and interest;~~ Monthly principal and interest payment: approximately $1,338.00

~~Total payment of $1,912.77 per month with impounds included for property taxes and insurance;~~ Total monthly payment with impounds for taxes and insurance: approximately $1,912.77

Origination points paid to ~~Defendant~~Network ~~NETWORK CAPITAL~~Capital: $3,981.33~~;~~

~~Title –~~Settlement ~~Fee to~~fee: ~~Defendant UNISOURCE of~~ $395.00 ~~;~~

~~Title –~~Lender's ~~Title~~title ~~Insurance to UNISOURCE~~insurance: ~~of~~ $300.00~~;~~

~~Title –~~Signing ~~Fee to~~fee: ~~UNISOURCE of~~ $150.00~~;~~

~~Title –~~Recording ~~Service~~service ~~Fee to UNISOURCE of~~fee: $90.00~~;~~

Recording ~~Fees to Santa Clara County of~~fees: $275.00~~;~~

Homeowners ~~Insurance~~insurance ~~Premium of~~premium: $263.31~~;~~

~~County~~Property-tax ~~Property Tax impounded~~impound: $3,130.40~~;~~

Appraisal fee ~~to Core Valuation~~: $720.00~~;~~

Per diem interest: $146.95~~; and~~

Hazard insurance ~~of~~: $526.70~~.~~

~~10. Also included in the loan documents was a Notice of a Three-Day Right to Cancel the transaction, a true and correct copy of which is attached in Exhibit “B”. The cancellation requires a Notice of cancellation before midnight on the third business day after the date of the contract which is 12:00 A.M midnight of January 21, 2022.~~ 8. The loan documents included a Notice of Right to Cancel informing Plaintiff that he could cancel the transaction by midnight of the third business day after consummation.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

A true and correct copy of the Notice of Right to Cancel is attached as Exhibit "B" and incorporated herein by reference.

~~11~~9. Plaintiff ~~in~~exercised ~~fact~~that ~~canceled the transaction in accordance with the Three-Day Right to Cancel~~right on January 20, 2022. ~~at~~At approximately 2:54 ~~P~~p.~~M~~m. Pacific ~~Standard~~Time, ~~Time~~Plaintiff ~~by~~sent a telegram ~~using~~providing ~~the~~notice ~~servicer~~of cancellation,~~ sendtelegrm.com~~ with tracking ~~no.~~number 941734. A true and correct copy of the confirmation is attached as Exhibit ~~"~~"C~~"~~". ~~In~~Out of an abundance of caution, Plaintiff ~~again~~ sent a second telegram ~~canceling~~later ~~the~~that ~~transaction~~evening ~~on January 20, 2022 at 11:22 P.M. Pacific Standard Time by using the services of~~through International Telegram Company. A true and correct copy of the confirmation ~~of~~for First-Class Telegram Order No. 22551852 is attached ~~and incorporated~~ as Exhibit ~~"~~"D~~"~~". ~~The~~Both ~~contract~~notices ~~therefore~~were ~~was canceled twice~~sent before ~~12:00 A.M. Midnight~~expiration of the ~~third business day. California law provides that~~three-business-day cancellation ~~is effective as of the time it is sent by the borrower and not at the time received by the creditor~~period.~~ Despite receipt of the cancellation NETWORK CAPITAL proceeded with the refinance and funded the loan on January 24, 2022.~~

10. Despite Plaintiff's timely notices of cancellation, Network Capital proceeded to fund the loan on January 24, 2022.

~~12. In addition, NETWORK CAPITAL's servicing time was also premature according to the FTC official interpretation of regulation Z, which requires delaying the start of initiation of servicing activity to allow at least a sufficient amount of time for the slowest permitted communication channel to deliver the message. Under Regulation Z it should be presumed by the servicer that a First-Class Mail postmarked letter would be sent instead of the fastest communication channel, which is a telegram. NETWORK CAPITAL should have waited to begin servicing and funding the loan at least as long as it would have taken to receive a regularly mailed message. Instead, it immediately began servicing on January 24, 2022.~~

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

~~13~~11. The $202,500 loan was thereafter secured by a deed of trust ~~that~~recorded ~~was~~on ~~recorded~~January 25, 2022 as Document No. 25225381 ~~on January 25, 2022 with~~in the Official Records of Santa Clara County ~~Clerk Recorder~~.

~~14~~12. Plaintiff ~~corresponded~~communicated with ~~NETWORK~~Network ~~CAPITAL~~Capital regarding ~~the~~his timely cancellation ~~and showed them receipts for the telegram confirmation~~. ~~NETWORK~~Network ~~CAPITAL~~Capital nevertheless refused to ~~cancel~~treat the transaction ~~claiming~~as cancelled and asserted that ~~they~~it did not receive the cancellation until after ~~it~~the ~~was~~loan had been funded ~~on January 24, 2022 without any basis or support for such a claim~~.

~~15. On or about January 31, 2022 CHASE purchased the loan from NETWORK CAPITAL, changed the servicer to defendant CHASE and the loan was assigned to CHASE.~~

~~16. On or about March 17, 2022 CHASE sold the loan to FREDDIE MAC and kept CHASE as the servicer.~~

~~17. On or about July 5, 2022 CHASE repurchased the loan from FEDDIE MAC and became the servicer and the owner of the loan.~~

13. After Network Capital funded the transaction notwithstanding Plaintiff's cancellation, the loan was transferred and serviced by third parties. Plaintiff does not seek to impose liability in this Second Amended Complaint on those subsequent owners or servicers for the origination conduct alleged against Network Capital.

~~21~~14. On or about September 15, 2022, ~~CHASE~~a subsequent servicer recorded and served a Notice of Default ~~with~~concerning the ~~Santa Clara County Recorder's Office which began the foreclosure on plaintiff's property~~loan. A true and correct copy of the Notice of Default is attached as Exhibit "E" and incorporated ~~in~~herein ~~Exhibit~~by ~~"E"~~reference.

~~22~~15. On or about December 13, 2022 ~~CHASE recorded~~, a Notice of ~~Trustee~~Trustee's Sale ~~with~~was ~~the~~recorded, ~~Santa Clara County Recorder's Office appointing~~setting a foreclosure sale ~~date of~~for January 18, 2023 ~~at 9:00 A.M~~. A true and correct copy of the Notice of ~~Trustee~~Trustee's Sale is attached as Exhibit "F" and incorporated ~~in~~herein ~~Exhibit~~by ~~"F"~~reference.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

~~23~~16. On January 6, 2023, Plaintiff ~~made~~paid ~~the payoff of the loan in full in the amount of~~approximately $215,765.00 to ~~CHASE~~pay ~~in~~off ~~order~~the ~~to~~loan and avoid foreclosure ~~sale~~ of ~~his~~the ~~home~~Property. The ~~pay-off~~payoff included ~~principal of~~the $202,500 ~~extra~~principal balance and approximately $13,265.00 in additional interest, escrow ~~deposit~~amounts, late fees, corporate advances, and ~~corporate~~related ~~advance fees of $13,265~~charges.

~~24. As a result of NETWORK CAPITAL and CHASE's failure to properly rescind the loan and cancel the transaction, NETWORK CAPITAL and CHASE have caused plaintiff to suffer damages to his credit rating as well as consequential and monetary damages to be proven at trial but exceeding the $25,000 jurisdictional limit.~~ 17. Plaintiff alleges that the foregoing monetary losses resulted from Network Capital's initial decision to fund and continue a transaction that Plaintiff had timely cancelled.

~~25. Plaintiff alleges that the following charges and costs paid out-of-pocket in the transaction through escrow should be refunded to Plaintiff by defendants: Origination points to Defendant NETWORK FINANCIAL $3,981.33; Title - Settlement Fee to Defendant UNISOURCE of $395.00; Title - Lender's Title Insurance to UNISOURCE of $300.00; Title - Signing Fee to UNISOURCE of $150.00; Title - Recording Service Fee to UNISOURCE of $90.00; Recording Fees to Santa Clara County of $275.00; Homeowners Insurance Premium of $263.31; County Property Tax impounded $3,130.40; Appraisal fee to Core Valuation $720.00; Per diem interest $146.95; and Hazard insurance of $526.70 and all other finance charges accrued.~~ 18. Plaintiff further alleges that he paid transaction charges and costs in connection with the loan, including origination points, title and settlement charges, recording fees, appraisal charges, per diem interest, insurance-related amounts, and other finance charges, in amounts to be established according to proof.

FIRST CAUSE OF ACTION ~~FOR DAMAGES FOR FAILURE TO RESCIND AND CANCEL INSTRUMENT~~

VIOLATION OF THE TRUTH IN LENDING ACT - DAMAGES FOR FAILURE TO HONOR TIMELY RESCISSION

~~Against All Defendants~~ (15 U.S.C. §§ 1635 and 1640) - Against Network Capital Funding Corporation

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

1819. Plaintiff incorporates and re-alleges Paragraphsparagraphs 1 through 1718 as though fully set forth at length herein.

19. Under The Truth In Lending Act (TILA) there are mandatory disclosures provided to borrowers which include the rights of rescission and cancellation. Here, Plaintiff was properly provided with the disclosure regarding the Three-day Right of Rescission and canceled the transaction and the instrument within the three-day period before midnight on the third day.

20. Plaintiff alleges that he has always had the ability to pay the loan but that he decided after careful evaluation, that the loans terms were not favorable.

20. TILA provides a borrower in a qualifying consumer credit transaction secured by the borrower's principal dwelling the right to rescind the transaction until midnight of the third business day following consummation. 15 U.S.C. § 1635(a).

21. Network Capital was the originating lender and the creditor to whom Plaintiff's debt was initially payable.

22. Plaintiff timely exercised his right to cancel the transaction on January 20, 2022 by transmitting written notices of cancellation before expiration of the applicable three-business-day period.

23. Network Capital failed to honor Plaintiff's timely cancellation and instead funded the loan and caused the security instrument to be recorded.

24. The loan was later paid in full. Plaintiff therefore does not seek rescission of an already-repaid loan in this Second Amended Complaint. Plaintiff instead seeks damages and other monetary relief available under TILA, including 15 U.S.C. §§ 1635(g) and 1640, for Network Capital's alleged failure to honor Plaintiff's timely exercise of his cancellation rights.

25. As a direct and proximate result of Network Capital's conduct, Plaintiff alleges that he sustained actual monetary damages, including transaction charges and finance charges paid in connection with the loan and additional amounts incurred in connection with the loan and its payoff, including approximately $13,265.00 in interest, escrow amounts, late fees, corporate advances, and related charges, to the extent established by proof.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

26. In addition to out-of-pocket costs, Plaintiff should be awarded damages paid by defendants for any and all points, broker fees, application and commitment fees, fees for a title search, whether paid to the creditor, paid directly to a third party, or passed on from the creditor to the third party.

27. In addition, CHASE and NETWORK CAPITAL, CHASE should be liable for Plaintiffs costs and attorney fees in accordance with 15 U.S.C. §1640 and Regulation Z, 12 CFR §1026 and per the promissory Note.

28. Plaintiff should also be entitled to punitive damages for NETWORK CAPITAL CHASE and FREDDIE MAC for recklessly and wantonly failing to rescind and cancel the note and deed of trust in order to punish and deter such acts in the future.

26. Plaintiff further seeks statutory damages, reasonable attorneys' fees, and costs to the extent authorized by 15 U.S.C. § 1640.

WHEREFORE, Plaintiff prays damages as hereinafter set forth.

SECOND CAUSE OF ACTION AGAINST NETWORK CAPITAL AND CHASE FOR UNFAIR BUSINESS PRACTICES

UNFAIR COMPETITION

(Violation of California Business and Professions Code Sections§ 17200 et seq.) - Against Network Capital Funding Corporation

2927. Plaintiff incorporates hereinand by reference the allegations made inre-alleges paragraphs 1 through 37, inclusive,26 as though fully set forth herein.

30. California Business & Professions Code Section 17200, et seq. prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice . . ." and conduct which is "likely to deceive" and is "fraudulent" within the meaning of Section 17200.

28. California Business and Professions Code section 17200 prohibits unlawful and unfair business acts and practices.

31. As more fully described above, NETWORK CAPITAL, CHASE and FREDDIE MAC as assignee's failure to cancel the loan transaction constitute acts and practices that are likely to

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

~~deceive, constituting a fraudulent business act or practice. This conduct is ongoing and continues to this date. Specifically, NETWORK CAPITAL engaged in deceptive business practices with respect to mortgage loan servicing and transacting for improper refusal to cancel the instruments in accordance with the Three-day right to Cancellation Disclosure.~~ 29. Plaintiff alleges that Network Capital engaged in unlawful and unfair business practices by failing to honor Plaintiff's timely exercise of his cancellation rights and by funding and recording the loan transaction notwithstanding Plaintiff's timely notices of cancellation. Plaintiff alleges that the same conduct violated TILA and constitutes the predicate unlawful conduct for his claim under section 17200.

~~32. In addition, NETWORK CAPITAL, and CHASE and FREDDIE MAC by assignment, sought and continue to seek collection from Plaintiff on the loan that are not legally due under California law without any right to do so.~~

~~33. Defendants also recorded a canceled instrument, namely, the deed of trust which constitutes executing and recording a false and misleading document.~~

~~34. The foregoing acts and practices have caused substantial harm to Plaintiff in that he has been charged amounts that he does owe and have. Defendants have falsely reported missed payments to the credit bureaus which has negatively effected Plaintiff's.~~

~~35. As a direct and proximate cause of the unlawful, unfair and fraudulent acts and practices of the defendants NETWORK CAPITAL, and CHASE and FREDDIE MAC by assignment, Plaintiff and California consumers have suffered and will continue to suffer damages in the form of unfair and unwarranted charges and wrongful liens.~~

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

36. If not stopped by the Court NETWORK CAPITAL, and CHASE and FREDDIE MAC by assignment, will be unjustly enriched and should be enjoined from continuing in such practices pursuant to California Business & Professions Code §§ 17203 and 17204.

37. Additionally, Plaintiff is therefore entitled to injunctive relief and attorney's fees as available under California Business and Professions Code §17200 and related sections.

30. Plaintiff suffered economic injury and lost money or property as a result of the challenged conduct, including transaction charges, finance charges, and other amounts he alleges would not have been incurred had Network Capital honored the timely cancellation.

31. Plaintiff alleges that Network Capital's conduct was a substantial factor in causing these losses because the transaction would not have proceeded to funding and recording had Network Capital honored Plaintiff's timely cancellation.

32. Plaintiff seeks restitution of money or property obtained by Network Capital as a result of the challenged conduct, including origination points and other sums paid to or retained by Network Capital, to the extent recoverable under California Business and Professions Code section 17203 and according to proof.

WHEREFORE, Plaintiff prays for judgment as set forth below.

PRAYER PRAYER FOR RELIEF

WHEREFORE, plaintiffPlaintiff prays for judgment against Defendant Network Capital Funding Corporation as follows:

1. For an Order Declaring the contract and loan entered into on January 17, 2022 by Plaintiff with NETWORK CAPITAL, and CHASE and FREDDIE MAC by assignment, has been and is rescinded and canceled in accordance with the TILA Disclosure before midnight on the third business day after executing the documents.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

~~2. For an Order voiding and canceling the deed of trust recorded January 25, 2022 with the Santa Clara County Clerk Recorder as Document No. 25225381.~~

~~3. For an Order Declaring that Defendants return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the deed of trust.~~

~~4. An award of all interest as allowed by law on all sums awarded to plaintiff;~~

~~5. An award refunding all costs of the loan to Plaintiff, including but not limited to, all other finance charges accrued, as well as other charges, broker fees, application and commitment fees, or fees for a title search or appraisal, whether paid to the NETWORK CAPITAL, paid directly to a third party, or passed on from the NETWORK CAPITAL to the third party.~~

~~6. An award of the overpayment of at least $13,265 for interest, late fees, corporate advances charged by defendants.~~

~~7. An award of punitive damages against NETWORK CAPITAL and CHASE for their failure to rescind;~~

~~8. An award of all costs of suit including attorney fees to be paid by defendants to Plaintiff.~~

1. For actual and statutory damages available under the Truth in Lending Act, including 15 U.S.C. §§ 1635 and 1640, according to proof;

2. For restitution of money or property obtained by Network Capital as a result of the alleged unlawful or unfair business practices, to the extent recoverable under California Business and Professions Code section 17200 et seq.;

3. For recovery of finance charges, fees, interest, and other monetary losses shown to have resulted from Network Capital's failure to honor Plaintiff's timely notice of cancellation, according to proof;

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com

4. For prejudgment interest as permitted by law;

5. For reasonable attorneys' fees and costs to the extent authorized by applicable law; and

6. For such other and further relief as the Court deems just and proper.

~~Dated: November 21, 2024 Timothy A. Pupach, Attorney for Plaintiff, JOHN HEINNICKEL, JR.~~

Dated: October 16, 2026 ACE CALIFORNIA LAW PC

Allison Cecchini Erggelet
Ramona H. Atanacio
Attorneys for Plaintiff John Heinnickel, Jr.

ACE CALIFORNIA LAW PC
125 W Richmond Ave., Suite C
Point Richmond, CA 94801
Telephone: (510) 681-0955
Email: ace@acecalifornialaw.com